THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALTER BOROWSKY, MICHAEL ROADICK and JULIUS SIRATKA, Appellants.

(Argued January 11, 1932: decided February 9, 1932.)

*Joseph Lonardo, Alexander Del Giorno, William Kerwick* and *Stephen F. Burkard* for appellants. The confessions were involuntary and a verdict of guilt against the weight of evidence, so that it became the trial court's duty to reject the confessions, without submitting any question of fact on that issue to the jury, despite the apparent conflict in the evidence. (*People* v. *Wiener,* 248 N. Y. 118; *People* v. *Barbato,* 254 N. Y. 179.) The confessions were incompetent, as they were procured through the influence of fear produced by threats and by physical injuries. (Code Crim. Pro. § 395; *People* v. *Pantano,* 239 N. Y. 416; *People* v. *Doran,* 246 N. Y. 409; *People* v. *Wiener,* 248 N. Y. 118; *People* v. *Barbato,* 254 N. Y. 179.)

■■■■■

*Charles P. Sullivan, District Attorney* (*Mordecai Konowitz* of counsel), for respondent. The trial court properly submitted to the jury the question of the voluntary nature of the confessions and their findings are justified by the evidence. (*People* v. *Wiener*, 248 N. Y. 118; *People* v. *Doran*, 246 N. Y. 409; *People* v. *Roach*, 215 N. Y. 592.) The confessions were properly received in evidence and submitted to the jury with correct and full instructions. (*People* v. *Doran*, 246 N. Y. 409.)

*Per Curiam.* The preponderance of evidence induces the belief that the defendants Borowsky and Roadick were beaten by the police. The beating is not conclusive that the later confessions to the District Attorney were made " under the influence of fear produced by threats " and so incompetent under the statute (Code Crim. Pro. § 395). Roadick was not swerved by the beating from his protestations of innocence. He refused to confess to the police. He refused later on to confess to the District Attorney. He yielded when Siratka and Borowsky were brought into the room and repeated in his presence confessions already made. A jury might reasonably find that he yielded not to fear of violence, but to a conviction that denial of guilt was hopeless when his confederates had turned against him. What is true of Roadick's confession is true for the most part of Borowsky's. Borowsky was not swerved by violence or the fear of it. He confessed when Siratka accused him, and not before. The hour had then arrived, at least to his thinking, when it was useless to hold out longer.

The case for the defendant Siratka stands upon a different basis. We think as to him that there was a fair question of fact whether he was beaten by the officers, and also a question whether the confession at the scene of the felony was induced by a fear that the beating would be renewed or by an oppressive sense of guilt upon finding himself at the place where the murder had been committed

and still more by the belief that he had been identified by the wife of the murdered man and that denial would be futile.

The judgments of conviction as to each defendant should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgments of conviction affirmed.