■ JEAN SMIRALDO, as Administratrix of the Estate of ONOFRIO SMIRALDO, Deceased, Respondent, v. LASHINS CONSTRUCTION INDUSTRIES, INC., Appellant.— Judgment entered in plaintiff's favor in the sum of $147,244 unanimously affirmed, with $50 costs and disbursements. The charge, as a whole, was much too general and did not sufficiently relate the applicable law to the facts of the case. It failed to "give the jury the guidance that the law requires" (*O'Connor* v. *595 Realty Assoc.*, 23 A D 2d 69, 74; *Arroyo* v. *Judena Taxi*, 20 A D 2d 888; *Molnar* v. *Slattery Contr. Co.*, 8 A D 2d 95). In particular, it failed to adequately instruct the jury with respect to the elements to be considered in determining whether or not the decedent was an invitee. However, in view of the uncontroverted facts concerning the occurrence and, concluding as we do that under any view of the evidence the decedent was an invitee as a matter of law so that his status presented no factual question for jury resolution, the deficiencies of the charge were of no consequence. Concur — Breitel, J. P., Rabin, Valente, McNally and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID BROWN, Appellant.— Judgment rendered September 10, 1964, convicting defendant-appellant of assault in the first degree and robbery in the first degree, unanimously reversed, on the law, and a new trial ordered. The trial court's charge relative to said defendant's confession was inadequate. It failed to set forth the factors to be considered by the jury in determining whether or not the confession was voluntary and did not clearly charge that the People had the burden of proving defendant's confession was voluntary. In the light of the defendant's request thereon, the court should have charged that if the People did not prove beyond a reasonable doubt that the defendant's confession was voluntary, then it must be disregarded. Furthermore, some of the court are of the opinion the admission of the confession of the codefendant requires reversal in the interests of justice under *People* v. *Donovan* (13 N Y 2d 148). Concur — Breitel, J. P., Rabin, Valente, McNally and Steuer, JJ.

■ MILTON BERZIN, Respondent, v. LITTON INDUSTRIES, INC., et al., Appellants.— Order, entered April 23, 1965, unanimously reversed, on the law, with $30 costs and disbursements to defendants-appellants and motion to dismiss complaint granted, with $10 costs, with leave to plaintiff to replead within 20 days after service of order entered hereon, with notice of entry which relief was requested below in the alternative. The transactions and occurrences set forth in the complaint comprise wrongful acts affecting the assets of the corporation of which plaintiff is a stockholder. Even though it appears that such alleged wrongs have resulted in the waste and depreciation of the assets of the corporation with a consequent loss and damage to plaintiff as a stockholder, his remedy therefor is limited to a derivative suit. (See *Greenfield* v. *Denner*, 6 N Y 2d 867, revg. 6 A D 2d 263; *Niles* v. *New York Cent. & Hudson Riv. R. R. Co.*, 176 N. Y. 119.) The plaintiff has failed to set forth essential facts showing the material elements of any individual cause of action and, therefore, the complaint should be dismissed. (See *Foley* v. *D'Agostino*, 21 A D 2d 60; *Duross Co.* v. *Evans*, 22 A D 2d 573.) Concur — Breitel, J. P., McNally, Eager and Witmer, JJ.