■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATRICK THOMAS BROSNAN, Appellant.— Judgment of the Supreme Court, Queens County, rendered April 28, 1967, modified, on the law and the facts, to the extent of reversing the conviction of grand larceny in the first degree and the sentence imposed thereon and dismissing that count of the indictment. As so modified, judgment affirmed. With respect to the charge of grand larceny in the first degree, there was insufficient evidence to support the jury's conclusion that appellant took the complainant's pocketbook or, at least, withheld it with intent to appropriate it to his own use. The requisite larcenous intent was not established by the mere fact that appellant did not immediately return the pocketbook after it was found in his truck and handed to him by the garage attendant, especially as appellant went to sleep shortly thereafter and was arrested only a few hours later. We find no error in the admission into evidence of certain statements made by appellant to police officers at his apartment. He was neither in custody nor under arrest at the time and the case was obviously still in the investigational stage, the police knowing only that appellant was the last person seen with the victim prior to the assault. The circumstances were not, therefore, analogous to those posited in *Miranda* v. *Arizona* (384 U. S. 436) and the officers were not required to warn him of his rights upon entering his apartment. We also find no error in the denial of appellant's motion to suppress testimony as to the police officer's observation of the interior of his truck and to suppress the items subsequently seized therefrom. Appellant voluntarily led the officer to the truck, which was parked in a public garage. It is well established that a police officer may observe anything in plain view in a public place without being guilty of having conducted an illegal search (*People* v. *Hoffman*, 24 A D 2d 497, 498; *Davis* v. *United States*, 327 F. 2d 301, 305). After the officer observed what appeared to be blood and some of the victim's personal belongings in the truck, appellant was arrested and taken to the station house. About a half hour later, the officers returned to the garage, searched the truck and seized various items therefrom without a search warrant. This seizure did not violate appellant's rights, as the identical search and seizure could have been conducted at the time and place of his arrest (see *People* v. *Moschitta*, 25 A D 2d 686). The mere fact the police had time to obtain a warrant after appellant was in custody is not

controlling, as the search itself was a reasonable one (*United States* v. *Rabinowitz*, 339 U. S. 56). Lastly, the items seized from appellant's apartment were taken pursuant to a valid search warrant. Another claim raised by appellant is that the pretrial confrontation between himself and one of the witnesses (the garage attendant), for identification purposes, was conducted in violation of his constitutional rights. We hold that, even if the conduct of this showup violated due process, the introduction of testimony thereof constituted harmless error. On the record, we conclude that the witness's in-court identification was based upon an independent source, namely, his prior contacts with appellant in the garage in the early morning hours of January 8, 1966. Finally, we agree that some of the prosecutor's remarks upon summation to the jury were improper and inflammatory, namely, his characterization of appellant as an " animal ", " liar " and " beast " and his accusation that the latter had " sexual and animalistic desires ", though he was not on trial for a sex crime. This trial was conducted for five days and the proceedings were relatively lengthy. The evidence firmly shows that appellant committed the vicious crime for which he was tried. We do not believe that, in the context of this entire record, the inflammatory remarks of the prosecutor, which he uttered only in his summation, were so prejudicial as to influence the jury improperly or to taint its verdict (see *People* v. *Kingston*, 8 N Y 2d 384, 387). Moreover, even if the remarks are considered to be prejudicial, section 542 of the Code of Criminal Procedure, the harmless-error principle, should be utilized in view of the minor quality of the error involved and in view of the fair trial that was otherwise afforded appellant. This prosecution conduct does not constitute the " blatant " violation of due process alluded to in the cases relied upon in the dissent. All of appellant's other claims for reversal were examined and found to be without merit; and we find that the convictions on the assault counts were amply supported by the evidence. Christ, Acting P. J., Rabin and Munder, JJ., concur; Hopkins, J., concurs in the disposition as to the count for grand larceny in the first degree, but otherwise dissents and votes to grant a new trial on the counts for assault in the second degree, with the following memorandum, in which Martuscello, J., concurs: A prosecutor is not expected to relinquish the art of oratory or the powers of eloquence in his summation to the jury. But when his zeal to secure a conviction carries him beyond the bounds of fair play or into the heat of inflammatory language, due process is violated and a conviction so tainted cannot stand. The issue is not whether the guilt of the defendant was demonstrated in spite of the misconduct at the end of the trial, but whether the blatant violation of due process can be tolerated (cf. *People* v. *Mleczko*, 298 N. Y. 153, 163; *People* v. *Feldt*, 26 A D 2d 743, 744). Here the prosecutor in his summation emphasized, with profanity, that the defendant was a liar, called him an " animal " and a " beast ", accused him of having " sexual and animalistic desires ", though the defendant was not on trial for a sexual crime, and urged the jury to get " an animal off the streets." Such tactics, pursued by the prosecutor despite the admonitions of the trial court, deprived the defendant of his right to a fair trial (*People* v. *Lombardi*, 20 N Y 2d 266, 272; *People* v. *Fields*, 27 A D 2d 736).