THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BALIAN, Appellant.

Fourth Department, July 18, 1975

*Charles W. Avery* for appellant.

*Peter E. Corning, District Attorney,* for respondent.

WITMER, J. Because of improper search and seizure of drugs which were thereafter used in connection with defendant's confession and trial to prove his guilt of their possession, the judgment of conviction must be reversed and a new trial granted.

Late on Christmas night, 1973 the police learned that a certain drugstore in Auburn had been burglarized. Acting on a "lead", they followed footprints in snow to an apartment building at Nos. 17-19 Grant Avenue not far from the drugstore. They knocked at several apartment doors without response. At defendant's door they received an answer from within, upon which they identified themselves and asked to be admitted. A commotion ensued within the apartment, and officers were sent around to the rear of the building. When Officer Guzalak arrived at the rear he observed defendant, barefoot and wearing only a pair of pants, walking in the yard toward the rear of the apartment. While the officer was questioning defendant, one Sam Cox started to come out of the rear door of the apartment carrying a box on which were pictures of hypodermic syringes. The officer ordered him to stop, but he re-entered the apartment and closed the door after him, placing the box behind the door. In light of the winter weather, defendant's attire, his equivocal answers and Cox's actions, Officer Guzalak took defendant with him into the kitchen of the apartment. He ordered a girl there to open the front door on which other officers were banging. She did so and they were admitted. Officer Guzalak observed drugs in plain view in the kitchen.

The officers proceeded to make a general warrantless search of the apartment for more drugs and drug paraphernalia. While defendant and Cox were detained in the living room, the officers found in a drawer in the kitchen cabinet 8 vials of a solution of morphine sulphate containing more than 5 ounces of morphine. This was later identified as Exhibit 8. During this time another officer searched the grounds at the rear of the apartment, and next to a fence about 50 feet from the apartment he found a bottle of 1,020 tablets weighing 367 grams and containing 10.2 grams of amphetamine sulphate. This was later identified as Exhibit 9. In addition, after defendant and Cox were taken to police headquarters, another officer searched the "drop ceiling" in the living room of the

apartment and found a powdered preparation of opium containing 19.81 grams. This was later identified as Exhibit 19.

At police headquarters defendant was advised of his *Miranda* rights and was interrogated about the drugs found in the apartment. He signed a confession of the burglary and possession of the drugs.

Defendant was indicted on four counts, to wit, (1) criminal possession of a controlled substance, first degree (supported by Exhibit 8); (2) criminal possession of a controlled substance, second degree (supported by Exhibit 9); (3) criminal possession of a controlled substance, sixth degree (supported by Exhibit 19); and (4) burglary, third degree, with intent to commit larceny.

Defendant was accorded a hearing on his motion to suppress the drugs as improperly seized and a *Huntley* hearing on his motion to suppress his confession as involuntarily made; and the court denied both motions. At the outset of the trial, before counsel began to select the jury defendant submitted a written challenge to the jury panel, alleging that it was drawn under a systematic and deliberate plan for the exclusion of students, of persons under 21 years of age, and persons under 30 years of age. The District Attorney opposed the challenge on the ground that it contained unsubstantiated conclusions. Defendant's counsel offered to submit proof thereof. Without affording defendant such hearing the court dismissed the challenge.

During the trial, defendant objected to the introduction into evidence of the drugs, including Exhibits 8, 9 and 19, on the ground that they were illegally seized; but his objections were overruled.

In his summation, defendant's counsel, over objection, was denied the right to comment on the alleged illegality of the search and seizure of the drugs which were introduced into evidence in support of the indictment. In the charge to the jury the court instructed them generally that the People must prove defendant's guilt beyond a reasonable doubt, but in its instructions that the People must prove that defendant waived his *Miranda* rights, the court did not specify, as requested, that the People must prove such waiver beyond a reasonable doubt.

On this appeal defendant contends that the foregoing rulings were erroneous and require reversal of his conviction. He

also specifies a number of other rulings which he claims were erroneous.

We consider first the propriety of the search and seizure of the drugs, especially Exhibits 8, 9 and 19. We find that under the circumstances observed by Officer Guzalak he had probable cause to enter the rear of the apartment with defendant, and upon seeing the drugs in open display to arrest defendant and seize the drugs in plain view *(Coolidge v New Hampshire,* 403 US 443, 465; *Sibron v New York,* 392 US 40, 66; *Beck v Ohio,* 379 US 89, 91; *People v White,* 16 NY2d 270, cert den 386 US 1008; *People v Santiago,* 13 NY2d 326, 331; CPL 140.15, subds 3 and 4). The bottle of drugs found on defendant's person when he was searched after his arrest was also properly seized and admissible against him *(United States v Robinson,* 414 US 218; *People v Perel,* 34 NY2d 462, 468). The further general search of the apartment and the rear yard without a warrant, however, violated defendant's constitutional rights *(Coolidge v New Hampshire, supra,* pp 467–469; *Chimel v California,* 395 US 752, 762–763; *People v Williams,* 37 NY2d 206, June 24, 1975), and the drugs so found and seized, especially Exhibits 8, 9 and 19 upon which Counts 1, 2 and 3 of the indictment were principally based, should have been suppressed. It was error, therefore, for the court to receive them into evidence.

The evidence supports the trial court's determination that defendant was given his *Miranda* warnings before he confessed and was not misled by the District Attorney. Nevertheless, since the fact that the illegally seized drugs were in the hands of the police was known to defendant at the time that he confessed, he is entitled to a new hearing to determine whether his confession was involuntarily made because the police had possession of such drugs *(Fahy v Connecticut,* 375 US 85, 90–91).

The court's denial to defendant's counsel of the right to comment on the manner of the seizure of the drugs contained in Exhibits 8, 9 and 19 and to argue its illegality on summation was based upon the court's prior ruling that the search and seizure were legal. In reversing that ruling we also hold that, although it is clear that defendant knowingly and intelligently waived his *Miranda* rights, the court erred in not permitting counsel to present his argument to the jury and, in light of the illegality of the seized drugs, the court erred in not submitting to the jury the issue of the voluntariness of

defendant's confession made with knowledge that the police had found the drugs in his possession *(Fahy v Connecticut, supra; People v Rodriguez,* 47 AD2d 962).

In addition, in the circumstances of this case we conclude that the trial court erred in denying defendant's challenge to the jury panel without affording him a hearing with respect to his specifications of its impropriety. The challenge was submitted in writing before the jury selection began. The assertion that the challenge was untimely has no merit *(People v Prim,* 47 AD2d 409, 415). As a matter of principle, a systematic exclusion of a sizable class of citizens from jury service, as claimed by defendant, would render the panel improper *(Taylor v Louisiana,* 419 US 522, 530–531; Judiciary Law, § 504, subd 2; CPL 270.10, subd 1; and see, in general, *People v Damron,* 212 NY 256, 262–263).

In its charge to the jury as to the meaning of reasonable doubt the court inadvertently stated that the doubt must be based upon "substantial" reason. Although use of the word "substantial" in explaining reasonable doubt was unfortunate and not helpful, the charge was generally in accord with the established rule *(People v Jones,* 27 NY2d 222; and see *People v Barker,* 153 NY 111, 115–116), and we do not think that it was prejudicial to the defendant.

The court, however, erred in denying defendant's request for a specific charge that the People have the burden to prove beyond a reasonable doubt that defendant knew and waived his *Miranda* rights prior to making the confession and made it voluntarily *(People v Huntley,* 15 NY2d 72, 78; *People v Vargas,* 7 NY2d 555, 563; *People v Brown,* 24 AD2d 740).

We have considered the several other claims of error asserted by defendant on this appeal and we find them to be without merit.

The judgment should, therefore, be reversed and a new trial granted.

MARSH, P. J., MOULE, MAHONEY and GOLDMAN, JJ., concur.

Judgment unanimously reversed on the law and facts and a new trial granted.