■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS TORRES, Appellant.—Judgment unanimously reversed, on the law, and new trial granted. Memorandum: After jury trial, defendant was convicted of sodomy in the first degree and attempted sodomy in the first degree and was sentenced to two concurrent indeterminate terms of 5 to 15 years of imprisonment. The evidence shows that at the time of the crimes defendant was 16 years and 4 months old, living with his grandmother, and his victim was a 12-year-old school boy. Defendant did not attend the school which his victim attended, but went to the playground at that school in the middle of an afternoon and played ball with boys who were smaller than he. When the game ended and all the others were leaving, defendant took the victim by the arm, forced him to go with him back of the school building and there the sodomy and attempted sodomy crimes were committed under defendant's forcible compulsion. The victim finally broke away and ran, crying, to the street and was taken home by a motorist. Defendant was later apprehended, and he gave a statement to the police which the court ruled was voluntarily made. Defendant contends that: (1) the court erred in (a) refusing to charge that the People must prove "beyond a reasonable doubt and not merely by a preponderance of the evidence that defendant's confes-

sion was voluntarily given and, in the absence of such proof, that the jury should not consider the confession as evidence in determining defendant's guilt", and (b) charging, with respect to such request, that "the prosecution may make only a prima facie showing or [of] voluntariness beyond a reasonable doubt"; (2) that the court erred in denying youthful offender status to defendant and that the imposition of the 5 to 15 years sentences was an abuse of discretion; and (3) that the court erred in failing to reduce the charges to sexual misconduct, because the People failed to prove forcible compulsion. (1) The court charged the jury that it was their duty to determine whether the prosecution established defendant's guilt beyond a reasonable doubt, and at some length the court explained the meaning of "reasonable doubt", and also read in its entirety CPL 60.45 concerning the voluntariness of statements. The prosecution argues that, therefore, the refusal of the court to amplify its charge as requested and charge that the prosecution must also prove beyond a reasonable doubt that the confession was voluntarily given was harmless error. Had the court stopped there this argument might prevail, but it did not. In its discussion with counsel in the absence of the jury, on defendant's request for a charge that the prosecution must prove beyond a reasonable doubt that the confession was voluntary and, later in its charge to the jury, the court stated that "the prosecution may make only a prima facie showing or (of) voluntariness beyond a reasonable doubt". When, at the conclusion of the charge, defendant's counsel again requested that the court make the correct charge in this respect, the court declined to do so, adding "I stated that the prosecution can make only a prima facie showing of voluntariness beyond a reasonable doubt. I believe that covers it". Clearly, the court was in error *(People v Leonti,* 18 NY2d 384, 389). Moreover, whether a prima facie case had been established was a question of law for the court and there was no reason for the court to use the words "prima facie" in its charge to the jury (see 1 NY PJI2d 66–67). The instruction was not only wrong but it was confusing to the jury, and it constituted reversible error. (2) Although the crimes were very serious, involving the morals and life of a 12-year-old boy, the record shows that defendant was just over 16 years of age, had never before been involved in criminal activity, and had shown some aptitude as a student. The probation department had recommended that he receive youthful offender treatment. In sentencing the defendant the court indicated its wrath concerning the heinous nature of the crimes and the need for punishment, but it does not appear to have considered the matter of defendant's rehabilitation. Because we are reversing on another ground, we do not rule on the sentence; but suggest that if defendant is retried and convicted, the sentencing court may give consideration to sentencing him commensurate with his history and potential for rehabilitation as that may be indicated on further investigation. (3) We find no merit in defendant's objection to the refusal of the court to withhold from the jury the question of sodomy in the first degree for failure of the People to present evidence of forcible compulsion. The evidence was so strong that all of defendant's acts were performed with force and against the will of his victim that the court properly denied defendant's request that the court only submit to the jury the lesser included offense of sexual misconduct. (Appeal from judgment of Erie Supreme Court—sodomy, first degree, and another charge.) Present— Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.