■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. FARINARO, Appellant. — Motion by defendant to reargue appeals (1) from a judgment of the County Court, Nassau County (Delin, J.), rendered January 23, 1981; (2) by permission, from an order of the same court dated March 28, 1983, which denied his motion to vacate the judgment of conviction; and (3) by permission, as limited by his brief, from so much of an order of the same court dated May 4, 1983 as, upon renewal and reargument of his motion to vacate the judgment, adhered to the original determination.

Motion granted to the extent that the decision and order of this court, both dated May 22, 1984 (*People v Farinaro,* 101 AD2d 891), are recalled and vacated, and the following decision substituted therefor:

Appeals by defendant (1) from a judgment of the County Court, Nassau County (Delin, J.), rendered January 23, 1981, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence, (2) by permission, from an order of the same court, dated March 28, 1983, which denied his motion to vacate the judgment of conviction pursuant to CPL 440.10 and (3) by permission, as limited by his brief, from so much of an order of the same court, dated May 4, 1983, as upon renewal and reargument of his motion to vacate the judgment, adhered to the

original determination. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of defendant's pretrial motion which sought suppression of certain evidence.

Case remitted to the County Court, Nassau County, to hear and report on defendant's claim that certain statements were elicited from him in violation of his right to counsel, and appeals held in abeyance in the interim. The County Court shall file its report with all convenient speed. (See *People v Bartolomeo,* 53 NY2d 225; *People v Rogers,* 48 NY2d 167.) Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.