■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK G. ALVER, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered August 25, 1983, convicting him of burglary in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings for review the denial, after a hearing, of defendant's motion to suppress certain statements.

Judgment affirmed.

On the instant appeal, defendant argues, inter alia, that (1) one of the arresting officers physically abused him and (2) his testimony at the suppression hearing on this issue warranted a finding by the County Court that his two written confessions,

which he subsequently made to a detective, were involuntary as a matter of law.

We disagree.

Initially, it must be noted that defendant's claim of police brutality was contradicted by the testimony of the interrogating detective and the other arresting officer that defendant appeared to be in good condition prior to his interrogation except for a hand injury. Moreover, it is clear that it was not the interrogating detective who defendant claims abused him. In this regard, it has been held that a confession may be voluntary even though at some prior time, while in custody, an arrestee was subjected to unnecessary force (*see, People v Borowsky,* 258 NY 371; *People v Langert,* 44 Misc 2d 399, *affd* 25 AD2d 952, *affd* 21 NY2d 890). Under the circumstances, the voluntariness of defendant's confessions presented an issue of credibility, and the County Court's determination on that issue, which has support in the record, should not be disturbed on appeal (*People v Gee,* 104 AD2d 561; *People v McMillian,* 56 AD2d 662).

Defendant also argues that his confessions should have been suppressed pursuant to the holding of the Court of Appeals in *People v Bartolomeo* (53 NY2d 225) since, at the time of his interrogation, he was represented by counsel on a pending unrelated charge.

We disagree. The record amply supports the finding of the County Court that the detective who interrogated the defendant did not have actual knowledge of defendant's arrest on an unrelated charge at the time of the instant interrogation. Moreover, the record indicates that the interrogating detective specifically asked defendant "if he had a lawyer" and defendant answered "No". Under these circumstances, defendant's argument must be rejected (*see, People v Lucarano,* 61 NY2d 138; *People v Bartolomeo, supra; People v Smith,* 54 NY2d 954; *People v Fuschino,* 59 NY2d 91; *People v Beverley,* 104 AD2d 996).

We have examined defendant's remaining arguments and find them to be without merit. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.