■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS DEAN and MICHAEL JACKSON, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (O'Dwyer, J.), rendered November 13, 1980 and November 19, 1980, respectively, convicting them each of attempted murder in the second degree, robbery in the first degree, assault in the first degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing (Brennan, J.), of those branches of defendants' pretrial motions as sought suppression of certain pretrial statements.

Judgments modified, on the law, by reversing the convictions of attempted murder in the second degree, vacating the sentences imposed thereon and dismissing said counts. As so modified, judgments affirmed.

As the People concede, the proof failed to establish a separate, specific intent on defendants' part to commit murder (People v Summerset, 100 AD2d 947). The evidence established that defendants and codefendant James Rice entered a McDonald's Restaurant located at Springfield Boulevard and Hillside Avenue armed with guns and wearing ski masks. One of the defendants fired a shot in the direction of the McDonald's employees and then announced a robbery. The perpetrators emptied the cash register, took valuables from the customers, and left the restaurant. One of the employees was shot in the right shoulder. He did not see the person who fired the shot. A customer at the restaurant testified that when he saw one of the defendants fire a gun he was unaware that the

shot hit anybody. In defendants' subsequent written statements they each admitted participating in the armed robbery but did not admit to shooting a gun. On this sparse evidence there was a failure to prove that defendants had the necessary intent to kill the McDonald's employee. The convictions for attempted murder in the second degree must therefore be reversed and those charges dismissed.

At a pretrial *Huntley* hearing, defendants claimed that their written statements admitting participation in the robbery were coerced through a series of beatings administered by the police. Defendants' evidence consisted solely of their testimony and the testimony of family members and friends. They offered no corroborating medical evidence. The hearing was therefore a credibility contest between defendants' witnesses and police witnesses in which the hearing court found that defendants were not credible and denied their motions to suppress the statements. Issues of credibility are primarily for the hearing court. Since the hearing court's findings were not clearly erroneous they should be upheld (*People v Armstead,* 98 AD2d 726).

At trial, defendants again raised the issue of police brutality. During the court's charge it properly stated that before defendants' written statements were to be considered, the jury had to first determine if they were voluntarily made (*see,* CPL 710.70 [3]; 60.45). However, the court neglected to state that the People had to prove that the statements were voluntary beyond a reasonable doubt. After the charge, the court refused defendants' request to amplify the charge by including the People's standard of proof. This was clearly error (*see, People v Huntley,* 15 NY2d 72, 78; *People v Balian,* 49 AD2d 94, 98; *People v Brown,* 24 AD2d 740). However, in its charge, the court made it clear that defendants had to prove nothing and that the People had to prove every material allegation and "every element essential to defendants' guilt of the crimes charged beyond a reasonable doubt". The court explained the meaning of "reasonable doubt" at length. No other standard of proof was mentioned. When the court's charge concerning voluntariness of the statements is considered in the context of the entire charge, it is clear that the People were required to prove that the statements were voluntary beyond a reasonable doubt. Thus, under the circumstances of this case, the court's refusal to amplify its charge as requested was harmless error (*cf. People v Torres,* 57 AD2d 1058; *People v Pepe,* 21 AD2d 417, *affd* 18 NY2d 955).

We have considered defendants' other claims and find them

to be without merit. Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.