■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN CRAWFORD and MICHAEL BROWN, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County (Lentol, J.), each rendered June 22, 1979, convicting them of murder in the second degree (two counts), robbery in the first degree, and burglary in the first degree, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of defendants' motion to suppress certain statements (Thompson, J.).

Judgments affirmed.

Defendants stand convicted of the murder and robbery of an 87-year-old Brooklyn woman in her home in the early morning hours of June 5, 1978. At approximately 1:00 A.M. on the morning in question, two police officers responded to a reported burglary in progress at 264 East 38th Street in Brooklyn. Upon investigating, they discovered that a door at the address had been broken off its hinge, but the occupants reported that nothing had been found to be missing. As the officers were driving from the scene along East 38th Street, they observed a man, later identified as defendant Crawford, bend down and then straighten up in front of 282 East 38th Street. At the same time, they observed another man, subsequently identified as defendant Brown, coming out of the driveway of that premises. The second man (Brown) joined the first (Crawford) and the two crossed the street and headed north on East 38th Street. As the patrol car came abreast of the spot where Crawford had been bending down, one of the officers saw a typewriter lying on the sidewalk. The officers put on their dome light and began to back up the street to question the two men. The men thereupon began to run and the officers pursued them on foot. During the course of the chase, the officers lost sight of Brown but were able to apprehend Crawford after chasing him into a nearby apartment building. In response to questioning by the officers, Crawford first denied having been on or near East 38th Street, but then acknowledged his presence and explained that he had run because he had been playing dice. The officers then placed Crawford in the patrol car and drove back to the location where they had first spotted Crawford and Brown. In addition

to retrieving the aforementioned typewriter from the sidewalk, the officers recovered from the driveway a television set in an open box. Upon making inquiry of the residents at the scene of the originally reported burglary, the officers determined that the television and typewriter had not been taken from that house. The officers continued their investigation by returning to the spot where they had first observed the defendants. One of the officers then noticed that the back door was open and the lights were on several houses away at 290 East 38th Street. Further examination revealed that the front door of the premises had been kicked in and that furnishings had been turned over. The officers then brought Crawford, who was still being detained, into the house, where they discovered the naked body of the elderly victim lying on the floor. After an ambulance was summoned, Crawford was taken to the police precinct.

After being administered *Miranda* warnings and acknowledging his understanding of them, Crawford said that he wanted to make a statement. In response to questioning with respect to his presence on East 38th Street and why he had run from the arresting officers, Crawford again denied that he was on East 38th Street and questioning ceased. Crawford gave a similar response when later questioned by another officer.

Thereafter, however, following readministration of *Miranda* warnings and upon questioning by an Assistant District Attorney, Crawford made an inculpatory statement and named Brown as his accomplice. Based upon Crawford's statement, the police arrested Brown at an address given to them by Crawford. When Brown was first questioned at the precinct, he denied having anything to do with the crime. During subsequent questioning, however, he also made an inculpatory statement.

On appeal, both defendants argue that their statements should have been suppressed.

Defendant Crawford, who was 16 at the time of his arrest, asserts that his confession should have been suppressed because the police failed to permit any contact between him and his parents before questioning him at the precinct. The People's evidence at the *Huntley* hearing, which was credited by the hearing court, reveals that after being administered his *Miranda* warnings, Crawford was offered the right to make a telephone call but declined to do so. Further, since defendant was not under 16 years old at the time of his arrest, the

statutes requiring notice to parents of juvenile delinquents and juvenile offenders are inapplicable (Family Ct Act § 305.2; CPL 140.20 [6]; 1.20; *People v Crosby,* 105 AD2d 844).

Criminal Term also discredited Crawford's testimony that he had been beaten and kicked in order to coerce the confession from him. The hearing court noted that photographs taken of Crawford shortly after the time of the alleged beating gave no indication that he was battered or bruised. Therefore, the hearing court's conclusion that Crawford's confession was not coerced is amply supported by the record.

The record equally supports the conclusion that the confession of Brown was not the product of coercion. As to Brown's contention that the confession must be suppressed as the fruit of an unlawful arrest, the confession of Crawford which fully implicated Brown in the robbery provided ample probable cause for Brown's arrest *(People v Berzups,* 49 NY2d 417). Brown's further claim that the police had no basis for detaining Crawford must be rejected as he, Brown, is without standing to challenge Crawford's detention *(People v Henley,* 53 NY2d 403).

We have examined the other contentions raised by defendants and find them to be without merit. Brown, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.