■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MOTLEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered November 15, 1983, convicting him of murder in the

second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing two indeterminate terms of imprisonment of 25 years to life, and one indeterminate term of imprisonment of 5 to 15 years, all to run concurrently. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress statements.

Judgment affirmed.

Defendant argues that the statement, "Save me, it's a thief", made by the deceased seconds after he was fatally shot during an attempted robbery, was improperly admitted into evidence. We find the statement was properly admitted as a spontaneous declaration. It is well established that spontaneous declarations made by a declarant while he is under the stress of nervous excitement precipitated by an external startling event, and during that brief period when considerations of self-interest cannot be immediately brought to bear, possess a high degree of trustworthiness and are, therefore, admissible as exceptions to the hearsay rule *(People v Edwards,* 47 NY2d 493). Here the court found that the declarant was under the stress of the trauma caused by the shooting and that the declaration followed so closely after that event as to preclude the opportunity for deliberation, fabrication, or design *(see, People v O'Neall,* 47 NY2d 952). The court thus properly admitted the statement into evidence.

The trial court also properly denied defendant's motion to suppress certain statements made to the arresting officer and to an Assistant District Attorney. Defendant sought to suppress the statements on the ground that they were induced by violence and threats of violence, and, as such, were obtained in violation of his 5th Amendment rights *(see, People v Perry,* 77 AD2d 269). At the hearing, the court was presented with an issue of credibility with respect to the voluntariness of defendant's statements. The court resolved the issue in favor of the People's witnesses. Since the suppression court's determination is to be accorded much weight *(People v Prochilo,* 41 NY2d 759), and has support in the record *(see, People v Alver,* 111 AD2d 339), it should not be disturbed on the appeal.

Finally, defendant's sentence was neither unduly harsh nor excessive. The sentencing court properly considered the nature of the crime, defendant's lack of remorse, his prior encounters with the law, and the absence of mitigating factors. On this record, there is no reason to disturb the sentence imposed *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.