■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE SANCHEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered March 5, 1984, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant claims that statements made by him to police officers should have been suppressed because they were the result of physical beatings he received from the officers. The trial court's denial of that branch of the defendant's motion which was to suppress his statements was proper, inasmuch as the record reflects a knowing, intelligent and voluntary waiver of his rights (Johnson v Zerbst, 304 US 458;

*People v Williams,* 62 NY2d 285). The defendant's allegations that he was physically and psychologically abused by the officers were contradicted by the officers' testimony, by the defendant's appearance at his videotaped statement, by his failure to complain to the authorities and by his failure to seek medical attention *(see, People v Crawford,* 113 AD2d 771; *People v Dean,* 112 AD2d 947, *lv denied* 66 NY2d 918; *People v Chalos,* 111 AD2d 827, *lv denied* 66 NY2d 918; *People v Alver,* 111 AD2d 339). Under the circumstances, the voluntariness of the defendant's statements presented an issue of credibility and the Supreme Court's determination of that issue, which is fully supported by the record, should not be disturbed on appeal *(People v Alver, supra; People v Gee,* 104 AD2d 561).

Furthermore, we find that the defendant voluntarily accompanied the officers to the precinct, and the questioning of him by the police prior to their advising him of his *Miranda* rights was investigatory rather than custodial *(see, People v Morales,* 42 NY2d 129, *cert denied* 434 US 1018; *People v Yanus,* 92 AD2d 674; *People v Krystof,* 84 AD2d 566). Once the investigation focused on the defendant as a suspect, all questioning stopped and the defendant was provided with full *Miranda* warnings.

Finally, the sentence imposed was not unduly harsh or excessive. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.