■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC PIERCE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered December 13, 1985, convicting him of attempted rape in the first degree, sexual abuse in the first degree (three counts), rape in the first degree (three counts), and sodomy in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements, identification testimony, and physical evidence.

Ordered that the judgment is affirmed.

Although the offenses charged in the indictment arose out of two separate sexual assaults, they were properly joined for trial pursuant to CPL 200.20 (2) (c) and the court did not improvidently exercise its discretion in denying the defendant's pretrial motion for severance under CPL 200.20 (3). The defendant failed to adequately set forth the manner in which he would be prejudiced by trying all the charges together *(see, People v Lane,* 56 NY2d 1; *People v Cunningham,* 110 AD2d 708; *People v Stewart,* 105 AD2d 858).

The defendant moved to dismiss the indictment on speedy trial grounds pursuant to CPL 30.30 and 30.20, and the US and NY Constitutions. However, the People answered ready for trial within the statutory period and at all adjourned dates. Moreover, any alleged failure by the People to provide prompt and full discovery would not require dismissal of the indictment under CPL 30.30 *(see, People v Runion,* 107 AD2d 1080; *People v Cole,* 90 AD2d 27, *appeal after remand* 112 AD2d 472). Nor does the defendant substantiate his assertions of prejudice in denigration of his constitutional rights as the result of any delay in bringing his case to trial. Accordingly, the County Court's denial of the defendant's speedy trial motion was proper *(see, People v Dean,* 45 NY2d 651, *rearg denied* 46 NY2d 940; *see also, People v Taranovich,* 37 NY2d 442).

The County Court's determination that Police Officer Richard Little had probable cause to arrest the defendant is fully supported by the record *(see, People v Farinaro,* 101 AD2d 891, *order vacated* 106 AD2d 516, *amended* 110 AD2d 653; *People v Bittner,* 97 AD2d 33; *People v Crosby,* 91 AD2d 20, *lv denied* 59 NY2d 765). The detailed description of the assailant which was broadcast over the police radio, and which Little had first double-checked with the detectives who were with one of the victims, substantially matched the defendant who had been observed by Little walking along a road near the scene of the second assault.

The defendant's contention that the People failed to prove beyond a reasonable doubt that his statements to the police were voluntary is without merit *(see, People v Williams,* 62 NY2d 285) The statements were made after the defendant had been advised and readvised of his *Miranda* rights, and there is no evidence that the statements were obtained through the use of physical force *(see, People v Sanchez,* 133 AD2d 384, *lv denied* 70 NY2d 960; *People v Chalos,* 111 AD2d 827, *lv denied*

66 NY2d 918; *People v Alver,* 111 AD2d 339). Nor is there anything in the record which would indicate that the lineup procedures used by the police were unduly suggestive *(People v Rodriguez,* 124 AD2d 611).

Viewing the evidence at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.