(October 17, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE GOURDINE, Also Known as SLEEPY GOURDINE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY NELSON, Also Known as BOOGIE NELSON, Appellant.—Judgment of the Supreme Court, New York County (Alvin Schlesinger, J.), rendered February 13, 1986, convicting defendant Clarence Gourdine, after trial by jury, of murder in the second degree and three counts of sodomy in the first degree and sentencing him to concurrent terms of from 18 years to life on the murder count and from 6 to 18 years for each sodomy count, is unanimously affirmed.

Judgment of the Supreme Court, New York County (Alvin Schlesinger, J.), rendered January 14, 1986, convicting defendant Henry Nelson, after trial by jury, of murder in the second degree and three counts of sodomy in the first degree and sentencing him to concurrent terms of 25 years to life for murder and 6 to 18 years for each sodomy count, is unanimously affirmed.

In retaliation for the robbery of Darren Davis by Sidney Scott Howell, both defendants, James Thomas, Darren Davis and Anthony Carter forced Howell's girlfriend, Wanda Fordham, into Colonial Park in Manhattan, where each forcibly sodomized her. James Thomas then shot Fordham three times,

killing her, as the others blocked her escape route. Nelson Rivera, Anthony Walker and Pamela Johns, who knew defendants, identified defendant Gourdine as a participant and testified as to his active role in the sexual assault and commission of the murder. Nelson Rivera and Anthony Walker positively identified defendant Henry Nelson as one of the participants and confirmed his active role in both the sexual assault and the murder. We have previously affirmed the conviction of Darren Davis (see, People v Davis, 128 AD2d 1027, lv denied 69 NY2d 1003).

Contrary to the contentions of both defendants, Criminal Term did not err when it denied their requests to submit the affirmative defense to felony murder to the jury. A defendant has an affirmative defense to a charge of felony murder if he:

"(a) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and

"(b) Was not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury * * * and

"(c) Had no reasonable ground to believe that any other participant was armed with such a weapon, instrument, article or substance; and

"(d) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury." (Penal Law § 125.25 [3].)

Nevertheless, a defendant is entitled to submission of such affirmative defense only if he demonstrates that there is a reasonable view of the evidence which would permit a jury to find that each and every one of the elements of the defense was established by a preponderance of the evidence (see, People v Watts, 57 NY2d 299).

Viewing the evidence in the light most favorable to the accused as we must (see, People v Watts, supra, at 301), we conclude that Criminal Term correctly found that there was no reasonable view of the evidence which would have permitted the jury to find that each of these defendants had no reasonable grounds to believe his accomplices intended to engage in conduct likely to result in serious physical injury or death (see, Penal Law § 125.25 [3] [d]). Witnesses Nelson Rivera and Anthony Walker testified that defendants and others abducted Wanda Fordham expressly for the purpose of revenging the robbery of their cohort, Darren Davis, by her boyfriend. All of the witnesses to this abduction of the victim

into Colonial Park, a dark, isolated area, agreed that it was accomplished by forcibly dragging Fordham, screaming and struggling, against her will. Thus, no reasonable view to the contrary was presented to the jury, i.e., that each defendant had no reasonable ground to believe his accomplices intended to engage in conduct likely to result in serious physical injury or death. Further, inside the park, two of the witnesses heard Thomas threaten to kill Fordham and another heard Fordham beg Thomas not to kill her. Moreover, all the witnesses agreed that defendant Gourdine participated in the forcible restraint of Fordham during the acts of sodomy perpetrated upon her and continued to participate in the forcible restraint of Fordham after James Thomas displayed the gun. As to defendant Nelson, two of the witnesses agree that he continued to participate in the forcible restraint of Fordham after Thomas displayed his gun. Thus, there was no reasonable view of the evidence by which the jury could find that each of the defendants had no reasonable ground to believe his accomplices intended to engage in conduct likely to result in serious physical injury or death.

Secondly, Criminal Term correctly found that there was no reasonable view of the evidence by which the jury could find that each defendant did not aid in the commission of the homicide (see, Penal Law § 125.25 [3] [a]). Again, viewing the evidence in the light most favorable to the accused, both defendants and their accomplices chased Fordham after the sodomies, at Thomas' direction, and blocked her escape route. Defendant Gourdine continued to block her escape while Thomas gave him the gun, then took it back and shot and killed Fordham.

While there was some inconsistency in the testimony of the witnesses, there was agreement that defendants blocked Fordham's escape after Thomas pulled the gun and threatened to kill her. Further, while defendant Nelson seizes on the testimony of Johns that she did not see him in the park as evidence he did not aid in the murder, submission of the affirmative defense can only be by an accused who is a "participant in the underlying crime" (People v Cable, 96 AD2d 251, 260, revd on other grounds 63 NY2d 270; Penal Law § 125.25 [3]). Accordingly, there was no reasonable view of the evidence by which the jury could conclude that defendants did not aid in the commission of the homicide. Thus, the fact that Johns did not see defendant Nelson in the park is irrelevant to that defendant's affirmative defense claim.

People v Cable (supra), cited by both defendants, is not

contrary. In that case we concluded, and the Court of Appeals agreed, that under the circumstances there the jury could find that the defendant Godbee met *each* of the conditions set forth in Penal Law § 125.25 (3). Thus, the evidence there showed that defendant Godbee sat passively during the robbery. She did not aid in tying up the homicide victim nor did she strike him. A jury could conclude, also, that she was unaware that the robbery would likely result in death or serious physical injury *(see, People v Cable,* 96 AD2d 251, 261, *revd on other grounds* 63 NY2d 270, 282, *supra).* Here, on the other hand, there was no reasonable view of the evidence which would entitle the jury to find that defendants met all of the conditions enumerated in Penal Law § 125.25 (3).

We have examined the remaining contentions of both defendants and find them to be without merit. Concur—Murphy, P. J., Sullivan, Asch, Rosenberger and Wallach, JJ.