■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered March 5, 1984, convicting him of murder in the second degree, and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

On January 28, 1983, the defendant, his brother Jose Dalton Diaz, and Tyrone Sanchez, traveled from their neighborhood in Brooklyn to Liberty Avenue in Queens looking for a store to rob. The defendant was armed with a can of mace and one of his companions was carrying a gun. After checking out several stores, the defendant and his accomplices decided to

rob Dadson's Clothing Store because the proprietor was an elderly gentleman who they believed would be "easy to take off".

After the trio entered the store, the defendant immediately assaulted the victim by spraying him in the face with mace. One of his accomplices then pulled out the gun and announced a stickup. The victim came out from behind a counter and a struggle ensued; Sanchez grabbed the man and started choking him. The defendant proceeded to the cash register and emptied its contents while his accomplices continued the fatal struggle with the victim. As he was taking the money out of the cash register, the defendant saw his brother hit the victim in the head with a hammer. The victim's death was due to asphyxiation by strangulation, and multiple wounds to the head and face inflicted during the course of the robbery.

In a videotaped statement the defendant admitted knowing that one of his accomplices was armed with a gun prior to entering the store, and he acknowledged spraying the victim in the face with mace. He also admitted removing money from the cash register as his accomplices continued the fatal assault.

At trial, the defendant testified that the police had coerced him into making many of the statements recorded in his videotaped confession. He claimed that he and his accomplices went to Queens intending to commit a robbery but not to kill or seriously injure anyone. Although he denied seeing one of his accomplices carrying a gun until after they entered the store, he acknowledged seeing the weapon displayed soon thereafter, certainly prior to the time when the fatal acts were committed. He also admitted spraying mace in the victim's face and removing money from the cash register while the fatal assault continued. The defendant's main contention on appeal is that the trial court erred in refusing to charge the jury on the affirmative defense to felony murder (Penal Law § 125.25 [3]). We disagree.

A felony murder is committed when a person acting alone or in concert with others commits one of nine enumerated felonies, of which robbery is one, and in the course of and in furtherance of that felony, he or one of his accomplices causes the death of another person who was not a participant in the criminal venture (Penal Law § 125.25 [3]). "Unlike the crime of intentional murder (*see,* Penal Law § 125.25 [1]; *People v Gallagher,* 69 NY2d 525), in order to support a conviction for felony murder it need not be established that the defendant

acted with intent to cause death; the only intent required to be proven is the intent to commit the underlying felony *(see, People v Luscomb,* 292 NY 390, 395; *People v Reinig,* 147 AD2d 971, *cert denied* 493 US 852, 110 S Ct 153)" *(People v Myers,* 161 AD2d 808, 809). It is therefore of no consequence for the defendant to contend that he and his accomplices set out from Brooklyn to Queens with no intention to kill their victim, for he freely acknowledged his intention to commit the robbery, and was obviously willing to use whatever force was necessary to accomplish that purpose.

A defendant is entitled to submission of the affirmative defense only if he demonstrates that there is a reasonable view of the evidence which would permit a jury to find that every one of the four elements of the defense *(see,* Penal Law § 125.25 [3] [a], [d]) was established by a preponderance of the evidence *(People v Gourdine,* 154 AD2d 255, 256; *see, People v Watts,* 57 NY2d 299).

Viewing the evidence in the light most favorable to the defendant, as we must *(see, People v Watts, supra),* we conclude that there was no reasonable view of the evidence which would have permitted the jury to find that the defendant met his burden of proof as to each and every element of the affirmative defense. The defendant's acknowledgement that he sprayed the victim in the face with mace refutes his claim that he did not in any way aid in the commission of the homicide (Penal Law § 125.25 [3] [a]; *see, People v Kampshoff,* 53 AD2d 325, *cert denied* 433 US 911; *People v Heyward,* 111 AD2d 420). According to the defendant's own testimony, the victim "went crazy" after being sprayed in the face with the mace and began fighting. As a result, the defendant's accomplices grabbed the victim and fatally assaulted him in order to subdue him, and allow the defendant to complete the robbery.

Moreover, no reasonable view of the evidence would support a finding that the defendant had no reasonable ground to believe that one of the participants was armed with a gun (Penal Law § 125.25 [3] [c]) or intended to engage in conduct likely to cause death or serious physical injury (Penal Law § 125.25 [3] [d]). The defendant and his accomplices purposely picked an elderly victim and were willing to use whatever force was necessary to complete the robbery *(see, People v Kampshoff, supra).* The defendant continued to participate in the robbery after his accomplice displayed the gun and while the fatal assault continued *(People v Gourdine, supra).* Thus, the record does not contain a sufficient basis to establish every

element of the affirmative defense, and the trial court's refusal to charge was proper *(People v Butts,* 72 NY2d 746).

The defendant's challenge to the propriety of the hearing court's suppression determination is also without merit. The defendant contends that his statements to the police should have been suppressed because they were the result of physical beatings by the police officers who arrested and interrogated him. However, the record reflects a knowing, intelligent and voluntary waiver by the defendant of his rights *(Johnson v Zerbst,* 304 US 458; *People v Williams,* 62 NY2d 285). The defendant's claim that he was physically and psychologically abused by the officers is contradicted by the officers' testimony, the defendant's failure to complain to the authorities, his failure to seek medical attention, and his appearance and demeanor during the videotaped statement *(see, People v Sanchez,* 133 AD2d 384; *People v Dean,* 112 AD2d 947; *People v Chalos,* 111 AD2d 827). The voluntariness of the defendant's statements presented an issue of credibility and the Supreme Court's determination, which is fully supported by the record, should not be disturbed on appeal *(People v Alver,* 111 AD2d 339; *People v Gee,* 104 AD2d 561).

The defendant's remaining contentions are either unpreserved for our review or without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.