■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER TURNER, Appellant. [606 NYS2d 276] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Hurley, J.), rendered May 1, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant next claims that statements made by him to law enforcement officials should have been suppressed because they were procured without advising him of his *Miranda* rights and as a result of police beatings. The hearing court's denial of suppression was proper. The record demonstrates that the defendant was advised of his *Miranda* rights and then made a knowing, intelligent and voluntary waiver of those rights *(see, Johnson v Zerbst,* 304 US 458; *People v Williams,* 62 NY2d 285; *People v Sanchez,* 133 AD2d 384). His claim that he was physically abused by the police officers is contradicted by the police testimony, by his failure to seek medical attention, and by his appearance and demeanor during the videotaped statement *(see, People v Diaz,* 177 AD2d 500; *People v Sanchez,* 133 AD2d 384, *supra).* The voluntariness of the defendant's statements presented an issue of credibility and the court's determination of that issue, which is fully supported by the record, should not be disturbed on appeal *(see, People v Diaz, supra).*

The defendant's remaining contentions are without merit. Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur.