**Jonathan CRAWFORD, Petitioner–Appellant,**

v.

**Joseph COSTELLO, Respondent–Appellee.**

**No. 01–2019.**

United States Court of Appeals, Second Circuit.

Nov. 20, 2001.

Andrew D. Greene, Lake Success, NY, for petitioner-appellant.

Scott J. Splittgerber, Assistant District Attorney, Kings County; Charles J. Hynes, District Attorney, Leonard Joblove and Amy Appelbaum, Assistant District Attorneys, on the brief, Brooklyn, NY, for respondent-appellee.

Present MINER, STRAUB, PARKER, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Petitioner–Appellant Jonathan Crawford appeals a decision of the United States District Court for the Eastern District of New York (Jack B. Weinstein, Judge) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because we conclude that Crawford's petition is barred by the statute of limitations imposed by the Anti Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we affirm the judgment of the District Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Crawford was convicted after a jury trial in New York Supreme Court of murder, robbery and burglary arising from an incident on June 5, 1978, in which Crawford and a co-defendant broke into the home of an eighty-seven-year-old woman and beat her to death before stealing her television and typewriter. On June 22, 1979, Crawford was sentenced to 25 years to life for the murder conviction to be followed by maximum terms of 25 years for each of the robbery and burglary counts. Crawford appealed his conviction to the Appellate Division raising two claims which were found to be meritless. See *People v. Crawford*, 113 A.D.2d 771, 493 N.Y.S.2d 361 (2d Dep't 1985). No further appeals took place until August 1995 when Crawford moved in the Appellate Division for a copy of his trial transcript, free of charge, so that he could raise a claim of ineffective assistance of appellate counsel. The Appellate Division denied his request. Crawford then sought leave to appeal this decision to the New York Court of Appeals; this request was denied. See *People v. Crawford*, 88 N.Y.2d 877, 645 N.Y.S.2d 452, 668 N.E.2d 423 (1996). On March 31, 2000, Crawford filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of New York claiming ineffective assistance when his appellate counsel failed to seek leave to appeal to the New York Court of Appeals from the Appellate Division's affirmance of his conviction and failed to argue on appeal that the police lacked probable cause when Crawford was arrested. On December 14, 2000, the District Court dismissed Crawford's petition on three grounds: (1) the failure of appellate counsel to pursue a discretionary appeal does not constitute

ineffective assistance; (2) Crawford's petition was barred by the statute of limitations for habeas petitions; (3) Crawford's claims would fail on the merits even had his counsel timely pursued further appellate review. The District Court, however, granted Crawford a certificate of appealability on the issue of whether appellate counsel's failure to seek leave to appeal constituted constitutionally ineffective assistance of counsel.

DISCUSSION

■ Although the certificate of appealability focused on whether Crawford's counsel rendered ineffective assistance, we decline to reach this question because Crawford's habeas petition is barred by the statute of limitations imposed by AEDPA. Under AEDPA, prisoners in state custody generally must file a habeas petition one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, we have held that if a petitioner's conviction became final prior to AEDPA's enactment, the petitioner was allowed an additional year measured from the time of AEDPA's effective date. See *Ross v. Artuz*, 150 F.3d 97, 102–03 (2d Cir.1998). In other words, prisoners whose direct review ended before the passage of AEDPA on April 24, 1996 had until April 24, 1997 to file a habeas petition. In the instant case, Crawford received notice that his appeal was rejected by the Appellate Division on September 10, 1985. After allowing thirty days to pass without seeking leave to appeal to New York Court of Appeals, his conviction became final. See N.Y.Crim. P. § 460.10. Thus, after AEDPA was passed, he had one year to file his petition. He failed to do so, filing the current petition on February 24, 2000.

■ Nor does Crawford have any basis upon which he can claim that AEDPA's

statute of limitations should be tolled. Under 28 U.S.C. § 2244(d)(1)(B), the statute of limitations may be tolled during the time that a state-created unconstitutional impediment prevents the petitioner from filing a petition. Because there is no constitutional right to a trial transcript for collateral appeals, the state's denial of his request for a transcript did not constitute an unconstitutional impediment sufficient to toll the statute of limitations. See, e.g., *United States v. MacCollom*, 426 U.S. 317, 323–24, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); *Crossley v. United States*, 538 F.2d 508, 509 (2d Cir.1976). Nor did Crawford's lack of transcript prevent him from filing a habeas petition. See, e.g., *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir.2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling.").

Although a habeas court generally must address the issues raised in the certificate of appealability, see *Valverde v. Stinson*, 224 F.3d 129, 136 (2d Cir.2000), in the instant case, because Crawford's petition is untimely, his petition for a writ of habeas corpus must fail. We therefore decline to render an advisory opinion by commenting on the merits of his ineffective assistance claims. See, e.g., *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971).

Accordingly, the judgment of the District Court is AFFIRMED.