■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ZANFORDINO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered June 22, 1979, convicting him of robbery in the first degree and assault in the second degree, upon a

jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The complaining witness testified on direct examination that she had been shown a photographic array by a police officer and had failed to select any of the photographs contained therein. We have previously held that such hearsay testimony both improperly bolsters the complainant's in-court identification of the defendant and wrongly suggests that the complainant subsequently identified a photograph of the defendant (People v Rothaar, 75 AD2d 652). Moreover, another witness testified to the complainant's prior identification of the defendant in a dry cleaning establishment some months after the crime. This testimony also served to bolster the complainant's in-court identification of the defendant in violation of the principles of People v Trowbridge (305 NY 471). The error was magnified when the prosecutor elicited testimony from this witness describing the complainant's extreme physical reaction upon seeing the defendant (see People v Dolphin, 77 AD2d 571). Because we cannot say that "the evidence of identity is so strong that there is no serious issue upon the point" (see People v Caserta, 19 NY2d 18, 21), the defendant must have a new trial. We have examined defendant's other contentions and find them to be without merit. Mollen, P. J., Hopkins and Mangano, JJ., concur; Cohalan, J., dissents and votes to affirm the judgment.