■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP HALL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered May 31, 1979, convicting him of attempted murder in the second degree (three counts), attempted robbery in the first degree (two counts), and criminal possession of a weapon in the fourth degree (one count), upon a jury verdict, and imposing sentence). Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. A review of the trial minutes indicates that the case concerned itself primarily with the issue of identification. The chief evidence produced by the

People was the identification testimony of Marion Ferraro and Sheila Benetsky, two victims. Their observations were made in the course of their violent struggle with the perpetrators. The defendant took the stand. He relied upon an alibi defense. His position at trial was that at the very time the crime was committed, he was being awakened by his landlord in order to get up and go to work. The landlord testified to that effect. In its instructions to the jury on the alibi issue, the court used the words "reasonable doubt" and in so doing created a confusing distinction as to whether defendant was required to prove the truth of his alibi beyond a reasonable doubt (see *People v Lucas,* 75 AD2d 827). The law is as stated in *People v Rabinowitz* (290 NY 386, 388): "that alibi is not an 'exculpatory defense upon which the defendant has the burden of proof', but is evidence which may tend to cast doubt into the minds of the jury as to whether the defendant is guilty. *(People v Russell,* 266 N.Y. 147, 152)." Thus, as here, in a case not involving an affirmative defense the burden of proof rests with the People throughout the trial. Turning to the issue of identification, it is our view that the facts adduced required judicial guidance with regard to the jury's appraisal of the testimony (see *People v Gardner,* 59 AD2d 913). The test of the sufficiency of the court's instructions to the jury is whether the jury, after hearing the entire charge, would gather from its language the correct rules which should be applied for arriving at its decision *(People v Russell,* 266 NY 147). A perusal of the charge to the jury at bar fails to reveal the presence of any instructions that could have assisted the jury in its evaluation of the identification evidence. The errors on alibi and identification cannot be deemed harmless (cf. *People v Crimmins,* 36 NY2d 230). The circumstances of defense counsel's failure to take exception to the charge does not preclude appellate review. We may reverse in the interests of justice regardless of the absence of exceptions or requests to charge *(People v Jones,* 32 AD2d 1069, affd 27 NY2d 501, cert den 400 US 994). In addition, the testimony of Detective Wilson to the effect that on September 18, 1978 he conducted a lineup at the 110th Detective Squad, where witness Ferraro looked through a one-way mirror and picked "somebody out", constituted improper bolstering of Ferraro's earlier identification testimony *(People v Trowbridge,* 305 NY 471). The detective's remark that the witness identified "somebody" can have been understood by the jury only as official confirmation of that witness' identification of defendant. Inferential bolstering has been held to constitute reversible error *(People v Annis,* 48 AD2d 622; *People v Rothaar,* 75 AD2d 652; *People v Zanfordino,* 78 AD2d 558). A violation of the *Trowbridge* bolstering rule may not be overlooked except "where the evidence of identity is so strong that there is no serious issue upon the point" *(People v Caserta,* 19 NY2d 18, 21). This is not the case at bar, where an alibi was testified to by defendant's landlord, and defendant, as noted, took the stand in his own behalf and denied his presence at the scene of the crime *(People v Napoletano,* 58 AD2d 83). Thus, under the circumstances of this case, a new trial is required notwithstanding defendant's failure to object. We have examined defendant's other contentions and find them to be without merit. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.