■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON CARSWELL, Also Known as JAMES GARDNER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered August 1, 1983, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that it was error for the trial court to have permitted testimony concerning the voided arrest of defendant in connection with the recovery of the complaining witness' stolen automobile. However, this testimony was admissible to complete the narrative of the events leading to the spontaneous identification by the complaining witness of defendant at the precinct house (*People v Gines*, 36 NY2d 932).

We have considered defendant's other contentions and find them to be without merit. Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. CATONE, Appellant. — Appeals by defendant from two judgments of the County Court, Suffolk County (Namm, J.), both rendered January 25, 1983, convicting him of manslaughter in the second degree and leaving the scene of an accident without reporting, as a felony, upon a jury verdict, and of grand larceny in the third degree, upon his plea of guilty, and imposing sentences.

Judgments affirmed.

Defendant moved to suppress certain oral and written confessions on the ground that they were involuntary, having resulted from beatings. The hearing court properly denied this motion, especially in light of the fact that when arraigned on the day after the alleged beatings, defendant did not call these beatings to the attention of either the arraigning Judge or to his attorney who stood next to him (*United States ex rel. Smith v Follette*, 268 F Supp 751, 753, affd 405 F2d 1199). In addition, the trial court's charge, when read as a whole, imparted the correct standard that the jury should apply in its determination whether the confessions were voluntary (see *People v Hall*, 82 AD2d 838; *Simmons v Dalsheim*, 543 F Supp 729, affd 702 F2d 423). We have reviewed defendant's other contentions and find them to be without merit. Boyers, J. P., Rubin, Lawrence and Eiber, JJ., concur.