■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CHALOS, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Mallon, J.),

rendered June 27, 1983, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's main thrust is that his confession should have been suppressed because it was extracted through the use of force by the authorities, causing him physical injury. This allegedly all took place prior to his being brought into the precinct. While at the precinct defendant never called the alleged assault to the attention of anyone and at his arraignment on the following day defendant made no mention to the court of having been beaten. His first complaint was during a medical examination at the jail, where a swelling and contusion were found behind his right ear. There were no other marks found on his body. Defendant's allegations are insufficient to demonstrate that his confession was coerced (*see, People v Catone,* 105 AD2d 844; *United States v Rosa,* 493 F2d 1191, *cert denied* 419 US 850).

We find no error in the trial court's denial of defendant's motion to set aside the verdict on the basis of newly discovered evidence. The "new evidence" which prompted defendant's motion pursuant to CPL 330.30 (3) consisted of a witness's posttrial statement purportedly recanting his trial testimony. During the trial the witness stated he had seen the defendant on the night of the burglary. In his posttrial statement he averred that he had not seen the defendant and that his trial testimony was prompted by police threats. The trial record discloses that cross-examination of the witness brought out that his cooperation with the police was induced by threats. Thus the "new evidence" was merely cumulative (*People v Egan,* 103 AD2d 940).

Defendant fled the scene in an automobile whose license plate number was noted by the victims. Subsequent police investigation led to his arrest. Upon being apprehended defendant made an oral confession as well as drawing a diagram of the crime scene. Under these circumstances there was sufficient evidence to justify the jury's guilty verdict. Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.