■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered November 15, 1982, convicting him of robbery in the first degree (14 counts) and assault in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of defendant's pretrial motion which sought the suppression of certain statements.

Judgment affirmed.

Defendant challenges the propriety of the hearing court's determination allowing for the receipt into evidence of certain inculpatory statements made by him as well as a videotape wherein he confessed to having participated in the crimes of which he now stands convicted. Defendant maintains that suppression of this evidence was legally required since his indelible right to counsel had attached before the statements were elicited and since these statements were procured in the absence of counsel.

Under the law of this State, the indelible and nonwaivable right to counsel arises by reason of the commencement of formal criminal proceedings against a defendant (see, People v Samuels, 49 NY2d 218; People v Settles, 46 NY2d 154). "The right is peculiar to and dependent upon the existence of the particular proceeding" (People v Ridgeway, 101 AD2d 555, 561, affd 64 NY2d 952). A right to counsel has been recognized prior to the initiation of formal proceedings where there has been activity involving a defendant, which is "sufficiently 'judicial' in nature" (People v Sugden, 35 NY2d 453, 461; People v Coleman, 43 NY2d 222, 225). The right to counsel for activity which precedes the commencement of formal proceedings may, however, be waived in the absence of counsel, so long as the waiver is voluntarily and intelligently made (see, People v Smith, 62 NY2d 306, 314; People v Morton, 104 AD2d 569).

On June 4, 1982, defendant voluntarily surrendered to the police at LaGuardia Airport, after successfully eluding the police at a stake-out which occurred seven days before, and which resulted in the apprehension of three of his codefendants. Defendant was arrested and was advised of his Miranda rights while on board a plane. He was subsequently transported to a police precinct, in the company of his father, and was again administered his rights. Each time the police inquired whether defendant was willing to make a statement

without the presence of an attorney, defendant responded affirmatively. Although felony complaints had already been filed against the three apprehended codefendants and although the three had already been arraigned at the time of defendant's surrender, no accusatory instrument had been filed against defendant at the time the statements sought to be suppressed were elicited.

Defendant does not cite, nor does there appear to be authority supporting his contention that the commencement of formal proceedings against his codefendants gave rise to an indelible right to counsel in his favor. Nor do we find persuasive defendant's argument that "the judicial process" had already commenced against him at the time of his surrender and confession, since the police had actual knowledge concerning his involvement in the crime due to the fact that his codefendants had already confessed and implicated him. This State does not bestow upon a defendant the indelible right to counsel merely because the police have assembled sufficient evidence to establish probable cause to arrest him.

Defendant also claims that his indelible right to counsel would have accrued earlier but for the "unnecessary delay" in his arraignment (see, CPL 140.20). The record reveals that defendant was arrested at 11:00 A.M. on June 4, and that he was arraigned at 11:30 P.M. that evening. During this time span, defendant was provided with meals and was afforded the opportunity to speak privately with his family. He was also questioned by the police and interviewed by an Assistant District Attorney, on videotape, after the necessary waivers had been obtained. In addition, defendant was placed in a succession of lineups and was identified by victims of the robbery as well as police officers who observed him during the stake-out. Although defendant was arraigned approximately 12 1/2 hours after he was taken into custody, it does not appear that the delay was "unnecessary".

Under the circumstances presented, we find that defendant's indelible right to counsel had not attached at the time of his confession, that the delay in arraignment was not "calculated to deprive defendant of his right to counsel" (People v Wilson, 56 NY2d 692, 694) and does not warrant suppression of the statements, and that the statements were voluntarily and intelligently made. We further find that the sentence imposed was neither harsh nor excessive. Defendant's remaining contentions have been reviewed and have been found to be without merit. Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.