■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PAPILE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered February 14, 1983, convicting him of robbery in the first degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We agree with Criminal Term's finding that the defendant's inculpatory statement to Detective Balmer was spontaneously made and not the product of police conduct which Balmer should have known was reasonably likely to elicit an incriminating response. The defendant, without any prompting, called Balmer over to his cell, asked him who he was, and stated that he wanted to make a deal. He previously had invoked his right to counsel upon being advised of his *Miranda* rights at the time he was arrested by another police officer. Balmer, who stated that he had no connection with the case, replied "What kind of a deal?" and "What are you talking about?" whereupon the defendant said, "If they want the Black guy, I will give him up, but they got to let me go free". Balmer told the defendant that nobody was going to let him go and sat down at his desk. Defendant called out to Balmer a couple of more times and repeated his earlier statement, without response. The nature of the brief exchange in this case does not compel a finding that the statement was not spontaneous. The defendant initiated the exchange, and not every comment made by a police officer in response to an inquiry by a defendant can be said to constitute interrogation merely because it is followed by an incriminating statement *(People v Rivers,* 56 NY2d 476, 479; *People v Lynes,* 49 NY2d 286, 294-295).* Rather, the test is whether an objective observer with the same knowledge concerning the suspect as the police officer had would conclude that the remark or conduct of the police was reasonably likely to elicit an incriminating re-

sponse *(Rhode Island v Innis,* 446 US 290; *People v Lynes, supra,* at p 294; *see, People v Ferro,* 63 NY2d 316, *cert denied* — US —, 105 S Ct 2700). Balmer's unhesitating reply was responsive and did not evince a desire to engage in subtle maneuvering. Nor can it be said that Balmer reasonably should have anticipated that defendant would inculpate himself. Accordingly, we find that the statement was spontaneous and was properly admitted at trial.

Moreover, we reject defendant's claim that the showup identification which occurred within a half hour after the robbery was committed and within two blocks of the scene of the crime was unduly suggestive so as to give rise to a substantial likelihood of irreparable misidentification. The witness who made the identification and who had earlier informed the police of certain observations she had made, was walking down the street when she was spotted by the arresting officer. This fortuitous encounter and the close proximity in time and place between the commission of the crime and defendant's apprehension dictated the holding of a showup to insure a prompt identification *(see, People v Love,* 57 NY2d 1023; *People v Brnja,* 70 AD2d 17, *affd* 50 NY2d 366). Although there was conflicting testimony as to whether the defendant was handcuffed at the time, the identifying witness, whom Criminal Term found to be credible, stated that she could not see whether the defendant was handcuffed but merely observed that he was standing with his hands behind his back. Moreover, the police said nothing to suggest that they had caught the right man. The witness made the identification upon being asked whether she recognized the man who was standing at the corner by a blue car. In any event, an independent source existed for the witness's in-court identification; she had ample opportunity to observe the perpetrator in broad daylight, for a period of approximately 10 minutes, from various angles, as she walked by a car in which he was seated and then stood watching from a nearby home as he got out to examine the car.

We have examined the defendant's remaining contentions and find that they either were not preserved for review as a matter of law (CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467) or that they lack substance. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.