■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Harrington, J.), both rendered December 7, 1982, convicting him of robbery in the first degree (15 counts), rape in the first degree (three counts), sodomy in the first degree, burglary in the first degree (three counts), aggravated sexual abuse, and assault in the second degree pursuant to indictment No. 54697; attempted murder in the second degree (two counts), rape in the first degree, assault in the first degree (six counts), and robbery in the first degree (122 counts), pursuant to indictment No. 54775, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

The defendant claims that his written and oral confessions were involuntary because of the length of time he was in custody prior to booking and arraignment coupled with an alleged promise of leniency made by one of the interrogating officers.

The record reveals that the defendant voluntarily surren-

dered and was arrested at 11:00 A.M., on June 4, 1982 and that he was arraigned at 11:30 P.M. that evening. During this time span, the defendant was provided with meals and was afforded the opportunity to speak privately with his family. He was also questioned by the police and interviewed on videotape by an Assistant District Attorney. The defendant was placed in a succession of lineups and was identified by victims of the crimes as well as police who observed him during the stake-out. Although the defendant was arraigned approximately 12½ hours after he was taken into custody, it does not appear that the delay was unnecessary (see, People v Williams, 112 AD2d 259; cf. People v Holland, 48 NY2d 861).

Further, on review of the record it is apparent that the police officer's statement to the defendant was not an "impermissible promise * * * express or implied" since "[t]here were no absolute assurances given that defendant's co-operation would result in more favorable treatment" (People v Perry, 77 AD2d 269, 272-273).

The defendant's contention that the lineup procedure employed was unduly suggestive was never litigated at the suppression hearing pursuant to stipulation by all the parties. Owing to the defendant's agreement to narrow the scope of the suppression hearing to the issue of the validity of the confessions only, any issue concerning the validity of the identification procedures employed has not been preserved for review (see, People v Miguel, 53 NY2d 920; People v Martin, 50 NY2d 1029; People v Jones, 81 AD2d 22).

Furthermore, the sentences imposed were not excessive. Consecutive sentences may be imposed for crimes committed by disparate and separate acts (see, Penal Law § 70.25 [2]; People v Dorsey, 79 AD2d 611). In the instant case there are a great number of victims. Clearly, the crimes committed against each victim are disparate and separate acts that permit the imposition of consecutive sentences. The defendant's remaining claims have been reviewed and have been found to be without merit. Mollen, P. J., Lawrence, Eiber and Kunzeman, JJ., concur.