■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL NORRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey,

J.), rendered January 13, 1982, convicting him of rape in the first degree, sexual abuse in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and his statements to the police.

Judgment affirmed.

In reviewing suppression issues, great weight must be accorded the determination of the hearing court with its particular advantages of having seen and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Putland,* 105 AD2d 199, 206; *People v Gee,* 104 AD2d 561), and that determination should not be disturbed where it is supported by the record *(People v Gee, supra; People v Boyce,* 89 AD2d 623, 624; *People v Duncan,* 75 AD2d 823, 824; *see also, People v Armstead,* 98 AD2d 726). In this case, the question of the voluntariness of the defendant's confession presented an issue of credibility, and the hearing court's resolution of that issue is supported by the record and should not be disturbed *(see, People v Alver,* 111 AD2d 339, 340). The police testimony given at the pretrial hearing indicated that *Miranda* warnings were administered and that the defendant made a knowing and intelligent waiver of his rights. There was no evidence corroborating the defendant's testimony to the effect that he had suffered repeated beatings at the hands of the police. In particular, a lineup photograph taken shortly after the defendant's interrogation failed to substantiate his claim that his lip had been "busted" by the police. Accordingly, the hearing court was warranted in declining to credit the defendant's testimony *(see, People v Catone,* 105 AD2d 844, *mod on other grounds* 65 NY2d 1003; *People v Chalos,* 111 AD2d 827, 828).

In addition, there is no evidence that the delay between the defendant's arrest and his arraignment was unnecessary (CPL 140.20; *People v Williams,* 120 AD2d 630; *People v Williams,* 112 AD2d 259), and, in any event, "unwarranted delay in arraignment is but one of the many pertinent factors bearing on the question of the voluntariness and, therefore, admissibility of a defendant's inculpatory statements" *(see, People v Dairsaw,* 46 NY2d 739, 740, *cert denied* 440 US 985; *see also, People v Hopkins,* 58 NY2d 1079, 1081).

Further, the hearing court correctly denied suppression of evidence regarding the victim's identification of the defendant at a pretrial lineup. The evidence supports the court's conclusion that the corporeal identification procedure was not un-

duly suggestive *(see, People v Rodriguez,* 64 NY2d 738, 740). Although only five persons appeared in the lineup and, unbeknownst to the police, the victim was previously acquainted with two of them, we decline to adopt a per se requirement regarding the numerical composition of lineups. We conclude, rather, that the question of undue suggestiveness is one to be determined by considering the totality of the circumstances surrounding the lineup *(see, People v Wright,* 112 AD2d 179; *People v Chamberlain,* 96 AD2d 959, 960) and, in this case, the attendant circumstances demonstrate that the lineup was not impermissibly suggestive. Moreover, the hearing record contains evidence which supports the suppression court's conclusion that an independent source existed for the victim's incourt identification of the defendant, i.e., her observations during the crime *(see, People v Papile,* 113 AD2d 776, 777; *People v Smalls,* 112 AD2d 173, 174). The duration of the attack was almost 30 minutes and, although it was dark, there was sufficient lighting in the area to permit her to observe the defendant's entire face, particularly because she was face-to-face with him for much of the time.

We have reviewed the remaining contentions advanced by the defendant and find them to be without merit. Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.