■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY GRATE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered October 26, 1982, convicting him of two counts of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, as a matter of discretion in the interest of justice, by vacating the sentences imposed, and remitting the matter to the Supreme Court, Kings County, for resentencing as a second felony offender pursuant to Penal Law § 70.06. As so modified, judgment affirmed.

The defendant was charged with participation in four robberies of a single supermarket. The principal witnesses at the trial were Angelo Mandoza, a store employee who was present at the first three robberies, and Peter Mandas, who was present at the fourth. Mandoza identified the defendant as one of the perpetrators of the robbery of November 20, 1980, and Mandas identified him as a participant during the February 7, 1981, incident. Photographs taken by a store security camera during each of these two incidents were also admitted into evidence at the trial.

During the cross-examination of Mandas, defense counsel elicited testimony that Mandas had been shown a photograph of the defendant during his Grand Jury testimony on March 27, 1981. Mandas was then asked whether his viewing of this photograph aided him in a lineup identification made in August 1981, five months later. Mandas denied that seeing the photograph helped him to identify the defendant at the lineup. On redirect, the prosecutor was then permitted to introduce testimony that the photograph shown to Mandas at the Grand Jury had been selected by him from a photographic array shown to him on the previous day. Later, during the testimony of Detective Barnett, the array itself was admitted into evidence. Barnett also testified about his conduct of the

photographic identification array procedure, stating that he had shown the photographs to Mandas but had not indicated that he was to pick out one of the photographs. Barnett did not testify that Mandas had picked out the defendant's picture. He did, however, state that Mandoza, the other eyewitness, was present when Barnett arrived to show the photographic array to Mandas and that Mandoza had also participated in an "identification procedure".

Normally, a witness may not testify concerning a previous identification of a defendant from photographs *(see, People v Caserta,* 19 NY2d 18). However, such testimony is permitted when the defendant opens the door to this line of inquiry *(see, People v Bolden,* 58 NY2d 741). Here, defense counsel's cross-examination concerning the photograph shown to Mandas during his Grand Jury testimony created a false impression that Mandas had been suggestively shown only the defendant's photograph. The prosecutor was therefore entitled to correct this misapprehension by proving to the jury that Mandas had been shown an array of photographs from which he chose the defendant's picture *(see, People v Brown,* 62 AD2d 715, *affd* 48 NY2d 921; *People v Langert,* 105 AD2d 845).

It was error, however, to admit the testimony of Detective Barnett. While his testimony fell short of actually corroborating Mandas' identification, it could have been interpreted by the jury only as official confirmation of Mandas' photographic identification of the defendant. Such inferential bolstering is improper *(see, People v Trowbridge,* 305 NY 471; *People v Hall,* 82 AD2d 838). Furthermore, his statement that Mandoza was present when he arrived to show the photographic array to Mandas and that Mandoza also participated in an "identification procedure" clearly conveyed the impression that Mandoza was shown the photographs and picked the defendant's photograph out also. This was also improper *(People v Hall, supra).*

We have determined, however, that these errors were harmless because the " 'evidence of identity [was] so strong that there [was] no substantial issue on the point' " *(People v Mobley,* 56 NY2d 584, 585). The defendant was not only identified in court by both Mandas and Mandoza, but also had been identified at a lineup. In addition, the jury was shown the photographs taken by the security camera which showed the defendant at the store safe.

The defendant also argues that the trial court committed error in failing to grant his motion to sever certain counts of the indictment and in giving an incorrect charge to the jury.

Since all of the crimes charged were similar, took place at the same location, and three of the four incidents were testified to by one witness, it cannot be said that the trial court abused its discretion in denying the defendant's severance motion (CPL 200.20 [3]; *see, People v Lane,* 56 NY2d 1). While the court should have instructed the jury that the evidence relating to the separate crimes should be separately considered *(see, People v Harris,* 51 AD2d 937), this error did not deprive the defendant of a fair trial where, as here, there were few witnesses, simple issues, and where the jury clearly considered the evidence separately in that it acquitted the defendant of all charges pertaining to one of the incidents. (The court dismissed the charges pertaining to a second one of the incidents at the close of the evidence.) For the same reasons, it was not error for the court to fail to marshal the evidence *(see, People v Herbert,* 100 AD2d 883).

Since the defendant did not object to the trial court's missing witness charge, his claims of error with respect thereto have not been preserved for appellate review *(People v Contes,* 60 NY2d 620). In any event, we find that the defendant was not prejudiced by the court's charge or by any of the remarks made by the prosecutor in his opening or summation.

We agree with the defendant's final contention that he was improperly sentenced as a second *violent* felony offender based upon a previous conviction for the Federal offense of bank robbery (18 USC § 2113 [a]). The Federal bank robbery offense does not contain all the elements required for it to be classified as a violent felony under New York law *(see, People v Manino,* 81 AD2d 896). Consequently, the defendant's conviction under the Federal statute cannot be considered a predicate violent felony conviction under Penal Law § 70.04 (1) (b).

Furthermore, the People do not dispute that bank robbery under Federal law is not a violent felony under New York law, but argue that resentence is unwarranted because the error of law with regard to the propriety of the adjudication was not preserved and the defendant received a sentence which would have been authorized even if he had been properly adjudicated merely a second felony offender.

However, resentencing is not precluded by the fact that the defendant failed to raise the issue prior to sentencing *(see, People v Giraldo,* 106 AD2d 401; *People v Ostin,* 62 AD2d 1004). Nor is it dispositive that the sentence imposed would have been authorized in the absence of the incorrect adjudication *(see, People v Falk,* 108 AD2d 925).

Since the defendant is entitled to be sentenced in accordance with the law applicable to his case, the matter should be remitted to the trial court for resentencing as a second felony offender pursuant to Penal Law § 70.06. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.