■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCHELL ROBERTSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered January 3, 1984, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at the trial, viewed in a light most favorable to the People *(see, People v Shapiro,* 117 AD2d 688; *People v Bauer,* 113 AD2d 543, 548), demonstrates that the defendant and an accomplice robbed two service station employees at gunpoint, and subsequently shot a third man to death when he entered the station office during the commission of the robbery. Accordingly, we find that the People satisfied their burden of proof beyond a reasonable doubt with respect to the crimes of which the defendant was convicted. Moreover, upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt *(see,* CPL 470.15 [5]).

We further find that an Assistant District Attorney was improperly permitted to testify that a complaint and a warrant were issued against the defendant for his arrest after a lineup in which he appeared had been conducted. This testi-

mony raised the inference that the complaining witness had identified the defendant at the lineup and, as such, constituted inferential bolstering (see, People v Trowbridge, 305 NY 471; People v Hall, 82 AD2d 838). However, we conclude that the error is harmless inasmuch as the evidence of identity is so strong that there is no serious issue upon the point (see, People v Mobley, 56 NY2d 584, 585; cf., People v Grate, 122 AD2d 853, 854; People v Williams, 109 AD2d 906, 907). Finally, the trial court's refusal to give a detailed identification charge was not error inasmuch as the charge properly conveyed to the jury the People's burden to prove identification beyond a reasonable doubt, and the general factors relevant to an evaluation of the accuracy and veracity of the witnesses (see, People v Whalen, 59 NY2d 273, 279; People v Daniels, 88 AD2d 392, 400-401).

We have examined the defendant's remaining contention and find it to be without merit. Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.