■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN MCGEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered October 16, 1986, convicting him of robbery in the first degree (four counts) and robbery in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court properly received into evidence the complainants' testimony on rebuttal that Rodney Jordan, whose photograph they were shown in a police photographic array, was not a participant in the robberies. The defendant, in his direct testimony, opened the door for the introduction of such evidence by testifying to circumstances which implicated Jordan as the assailant *(see, People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047; *cf., People v McCann,* 90 AD2d 554).

The police officer's testimony as to the complainants' lineup identifications amounted to inferential bolstering and was improperly received into evidence *(see, People v Trowbridge,* 305 NY 471; *People v Grate,* 122 AD2d 853, *lv denied* 68 NY2d 1000). However, the issue was not preserved for appellate review as no objection was raised with respect to such testimony. In any event, the error was harmless given the overwhelming proof of the defendant's guilt based upon the posi-

tive identifications made by all four complainants (CPL 470.05 [2]; *People v Johnson,* 57 NY2d 969; *People v Mobley,* 56 NY2d 584; *People v Robertson,* 128 AD2d 815, *lv denied* 70 NY2d 754; *People v Grate, supra,* at 853-854).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.