■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK GREEN, Also Known as DERRICK GREENE, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered February 6, 1986, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lombardo, J.), of that

branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues on appeal that the hearing court erred in refusing to permit him to call one of the eyewitnesses who had identified him at a pretrial lineup and in denying suppression of lineup and in-court identifications of the defendant. The basis of this contention is the fact that this eyewitness was acquainted with some of the fillers in the lineup and, thus, the testimony of the eyewitness was essential in establishing the undue suggestiveness of the lineup procedure.

We find that the defendant suffered no prejudice by being denied the opportunity to call the identifying witness because the fact that the eyewitness, unbeknownst to the police, knew some of the fillers does not render the lineup unduly suggestive. This court has declined to adopt a per se requirement regarding the numerical composition of lineups *(see, People v Rodriguez,* 124 AD2d 611, 612; *People v Norris,* 122 AD2d 82, 84).* Significantly, the defendant's counsel was present during the lineup and although he was alerted immediately thereafter that several of the fillers knew the eyewitness he did not object to the police or the District Attorney. " 'It contradicts normal experience and common sense to suppose that defense counsel would have remained silent if he had observed that the lineup was so constituted as to point the [witness] unfairly to his client' " *(People v Lopez,* 123 AD2d 360, 361; *People v Adams,* 90 AD2d 1, 11). Thus, considering, as we must, the totality of circumstances surrounding the lineup procedures *(see, People v Rodriguez, supra; People v Norris, supra),* we find no showing that the lineup was impermissibly suggestive. Additionally, since the eyewitness knew the defendant from the neighborhood, the lineup was merely confirmatory *(see, People v Tito V.,* 129 AD2d 750).

The defendant further contends that the trial court's discharge, over defense counsel's objection, of a sworn juror deprived him of his right to a trial by a jury of his choosing. Upon the codefendant's appeal, we rejected this contention stating, *inter alia,* that "[i]n view of the juror's unequivocal request to be dismissed upon the court's 'probing and tactful inquiry' *(People v Buford,* 69 NY2d 290, 299), the juror was properly discharged as grossly unqualified *(see,* CPL 270.35)" *(People v Lilly,* 139 AD2d 671, 672). The defendant presents no argument which would persuade this court to change its position.

As a general rule, a witness is not permitted to testify as to his previous identification of a defendant from a photograph (see, *People v Giallombardo,* 128 AD2d 547, 548; *People v Grate,* 122 AD2d 853, 854). However, where the defendant opens the door to this line of inquiry during his cross-examination of the witness, an exception to the general rule arises permitting such testimony to be introduced on redirect examination. Here, the cross-examination conducted by the codefendant's counsel opened the door to redirect testimony concerning the station house identification of the defendant. However, he carefully limited his cross-examination to the witness's identification of the defendant rather than to the identification of the defendant's photograph. On redirect, the prosecutor likewise avoided any mention of the photographic identification. The witness, without prompting by the prosecutor, improperly blurted out a reference to his identification of the defendant's photograph which response was promptly stricken from the record, thereby mitigating any prejudice. Under the circumstances, the error, if any, must be deemed harmless. The defendant was identified by two eyewitnesses who knew him by appearance and one of whom knew him by his "street name" and there was further evidence that two witnesses heard the defendant admit that he shot the victim. Thus, given the strength of the evidence, no substantial issue of identity exists and harmless error analysis is appropriate (see, *People v Grate, supra*).

Nor do we find that a reasonable view of the evidence would support a finding that the defendant committed the lesser offense of manslaughter in either the first or second degree but did not commit the greater offense of murder in the second degree (see, CPL 300.50 [1]; *People v Glover,* 57 NY2d 61). Here, the evidence indicated that the defendant shot the victim in the head at close range when the victim refused to surrender his radio. No inference is possible other than that the defendant intended to kill the victim (see, *People v Chun Huen Lam,* 131 AD2d 584).

We have considered the defendant's remaining contentions, including the alleged excessiveness of his sentence, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.