■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY HARVEY, Appellant.—Judgment unanimously affirmed. Memorandum: Two police officers testified at defendant's trial on charges of robbery and grand larceny that shortly after the crimes were committed the complainant gave them the name of one of the perpetrators. The police did not state the name that was given. Subsequently, the complainant testified that when interviewed by the police, he described defendant and identified him as "Larry".

Defendant argues that the testimony of the police officers

inferentially bolstered the complainant's identification of defendant (see, *People v Hall*, 82 AD2d 838, 839; *see also, People v Trowbridge*, 305 NY 471). The error, if any, in receiving the police testimony does not require a reversal. Even if we were to characterize the police testimony as bolstering, we would view the error as harmless (see, *People v Crimmins*, 36 NY2d 230). The complainant had known defendant as "Larry" for at least 12 years and his identification testimony was compelling.

We have reviewed defendant's other claims of error and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—robbery, second degree.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.