■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

PARUL PATEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered March 8, 1989, convicting her of criminally negligent homicide, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.

Ordered that the judgment is affirmed.

In reviewing suppression issues, great weight must be accorded the determination of the hearing court, with its particular advantages of having seen and heard the witnesses. That determination should not be disturbed unless clearly unsupported by the record (see, People v Prochilo, 41 NY2d 759, 761; People v Norris, 122 AD2d 82, 83). In this case, the hearing court determined that the defendant was advised of her constitutional rights and executed a knowing and intelligent waiver thereof prior to making her audio and videotaped statements to the police. That determination is supported by the record and should not be disturbed (see, People v Prochilo, supra; People v Norris, supra).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that although it was solely circumstantial, it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The inferences to be drawn from the proven facts, viewed as a whole, are inconsistent with her claim of innocence and exclude to a moral certainty every hypothesis but guilt (see, People v Kennedy, 47 NY2d 196; People v Sims, 110 AD2d 214, 222-223).

It is apparent from the record that the jury credited the testimony of the Medical Examiner as to the cause of the death of the defendant's daughter over that of the defendant's medical experts. The only inference that was required to be drawn from the facts, then, was the identity of the perpetrator. The defendant was the sole custodian of her daughter on the evening of August 12, 1987. In her statements to the police, she admitted that the children sometimes "make [her] mind crazy" and that, when they did so, she hit them. She also admitted hitting her daughter several times before bringing her to the hospital. Under these circumstances, the proof was sufficient for the jury to infer that her daughter's death occurred as a result of the actions of the defendant (see, People v Sims, supra at 224). Upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against

the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.