■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK PERKINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered July 21, 1989, convicting him of murder in the second degree, assault in the first degree, unauthorized use of a motor vehicle in the third degree, petit larceny, and operating a motor vehicle while under the influence of drugs, upon a

jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his written statement to the police and the results of chemical analyses of his blood and urine.

Ordered that the judgment is affirmed.

The defendant contends that his written confession and the results of chemical analyses of his blood and urine should have been suppressed on the ground that the confession and subsequent consent to the taking of samples for chemical analysis were not voluntary. He asserts that when he spoke to the police, he was in the hospital, suffering from head injuries and in substantial pain from a catheter that had been inserted into his penis.

In reviewing suppression issues, we accord great weight to the determination of the hearing court with its particular advantages of having seen and heard the witnesses (see, *People v Prochilo*, 41 NY2d 759, 761). That determination should not be disturbed when, as here, it is supported by the record (see, *People v Norris*, 122 AD2d 82, 83).

The hospital records, which were admitted into evidence at the hearing without objection, indicate that the defendant was brought to the emergency room with multiple superficial lacerations and contusions and a possible cerebral concussion. The records reveal that when defendant was brought into the emergency room he was noted to be "evasive but alert and apparently oriented". Hospital personnel observed him for any signs of a head injury, but none developed.

Both Detectives Cocks and Dempsey testified at the suppression hearing that, initially, the defendant refused to speak to them until his catheter was removed. However, after his catheter was removed and he was advised of his rights, he did not ask for a lawyer or tell the detectives that he did not wish to speak to them. In addition, both detectives testified that the defendant appeared lucid and responsive to their questions. Moreover, although Detective Cocks testified that the defendant appeared to be in some pain when the police were speaking to him, the detective further testified that after the catheter was removed the defendant indicated that much of his pain had subsided, and he seemed much more at ease.

As to proof of guilt, the defendant contends that his conduct, although reckless, did not rise to a level evincing a depraved indifference to human life.

Viewing the evidence adduced at trial in a light most

favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to support the defendant's conviction for depraved indifference murder. After a night of heavy drug use, the defendant led the police on a high-speed chase for 11 miles through Nassau County. At times, he drove at twice the legal speed limit, through residential areas, disregarding stop signs and red lights, and crossing the double yellow lines into oncoming traffic. In his statement to the police, the defendant admitted travelling at 60 to 65 miles per hour as he approached the intersection of Grove and South Franklin Streets. He also admitted that the traffic light there was against him. Although the defendant claimed to have tried to slow down, a witness testified that the defendant did not slow down. He then hit another car, killing its driver. In all, this conduct satisfies the depraved indifference element of murder in the second degree *(see, People v Gomez,* 65 NY2d 9, 12).

The defendant's sentence was, in all respects, proper *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contention and find that it is without merit. Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.