■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO SIMMONS, Appellant.—Judgment, Supreme Court, New York County (Alfred H. Kleiman, J., on severance mo-

tion; Franklin R. Weissberg, J., at suppression hearings and jury trial), rendered April 14, 1989, convicting defendant of four counts of robbery in the first degree and three counts of robbery in the second degree, and sentencing him, as a second felony offender, to terms of imprisonment aggregating 15 to 30 years, unanimously affirmed.

Defendant was indicted for four separate robberies committed in a park during daylight hours. In all four robberies, the victims were walking through the park when confronted by defendant, who on three occasions apparently simulated possession of a gun by placing his hand in a paper bag, and on one occasion simply thrust his hand forward in his pants as if armed. In three of the robberies, as defendant trained the "weapon" on the victims, an accomplice took property from the victims.

Defendant's argument that he was entitled to a jury charge on the affirmative defense contained in Penal Law § 160.15 (4), reducing a charge of robbery in the first degree to robbery in the second degree (Penal Law § 160.10 [2] [b]) is unpreserved since no request to so charge was made.

Concerning the identification by one of the victims, since this witness had ample opportunity to observe defendant in broad daylight, expressed no confusion or hesitancy in identifying defendant, did not appear to have been suffering from any want of understanding, and unhesitatingly picked defendant out of a lineup on the day of the robbery, we are not persuaded that the minor discrepancies in his description of defendant's height and facial hair raise a reasonable doubt. This same witness's puzzling testimony that he declined to identify defendant while being escorted by the police was not further elaborated on at trial only because defendant objected when the People sought clarification, and, in any event, this testimony, standing alone, does not raise a reasonable doubt.

At trial, over defendant's objection, the same witness was permitted to testify that he was twice shown suspects in the park whom he stated were not the perpetrators. If admission of this "negative identification" testimony was error (see, People v Bolden, 58 NY2d 741, 742 [Gabrielli, J., concurring]; People v McCray, 57 NY2d 542, 550, n 4; People v Gonzalez, 55 NY2d 720, 722 [Meyer, J., dissenting]; People v Dukes, 97 AD2d 445; People v Zanfordino, 78 AD2d 558, 559; People v Rothaar, 75 AD2d 652), the error was harmless, since the trial court later instructed the jury not to consider the evidence.

That one of the victims believed the bulge in defendant's

pants could have been some weapon other than a gun, and further, that the witness testified that he was "concerned" but not "frightened", does not constitute a failure of proof. Assuming that "concern" is not a lesser degree of "fear", there is still no requirement that the victim actually be afraid. Rather, the victim must only apprehend a display of something that could reasonably be perceived as a firearm *(People v Lopez,* 73 NY2d 214, 220-221). Defendant's hand in his pocket, without more, sufficed *(supra,* at 221-222).

Finally, a fair reading of the witness's testimony is that he believed defendant was armed with a gun, or possibly another type of weapon. Penal Law § 160.15 (4) requires only that the object displayed reasonably appears to be a gun, not that it is in fact a gun or that it could be nothing but a gun.

We have considered defendant's remaining arguments, including that the counts should have been severed, and that the prosecutor's summation deprived defendant of a fair trial, and find them to be without merit. Concur—Carro, J. P., Kupferman, Ross and Asch, JJ.