■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY NORVILLE, Appellant. [603 NYS2d 473] —Judgment, Supreme Court, New York County (Harold J. Rothwax, J.), rendered April 24, 1991, convicting the defendant, upon a jury verdict, of attempted robbery in the first degree and sentencing him to an indeterminate term of imprisonment of from 6 to 12 years, unanimously reversed, on the law, and the matter is remitted for a new trial.

The trial court's instruction to the jury on the element of display of a firearm, and the manner in which it marshalled

the evidence deprived the defendant of a fair trial. Accordingly, the judgment is reversed and the matter is remitted for a new trial.

The defendant and a co-defendant were indicted for attempted robbery in the first and second degrees. The prosecution alleged that the defendants displayed what appeared to be a firearm during the course of an attempted robbery. In defining the element of "display" to the jury, the court erroneously instructed that the defendant could be convicted solely on the basis of words used during the attempted robbery. As noted by the Court of Appeals in *People v Lopez* (73 NY2d 214, 221), the display requirement may not be construed so broadly as to include mere statements that a robber is armed with a gun *(see also, People v York,* 134 AD2d 637, 638-639, *lv dismissed* 72 NY2d 868).

The error was compounded by the court's marshalling of the evidence with regard to accomplice liability, the display element and identification evidence. By drawing attention to the specific evidence favorable to the People without specifically alluding to the evidence favorable to the defendant, the review of the evidence was unbalanced and prejudiced the defendant *(see, People v Williamson,* 40 NY2d 1073, 1074; *People v Brown,* 129 AD2d 450, 452).

The defendant's final contention, that he was entitled to the affirmative defense charge to robbery in the first degree (Penal Law § 160.15 [4]) has not been preserved for our review since defense counsel failed to request such charge or object to the charge provided *(People v Simmons,* 186 AD2d 95, 96, *lv denied* 81 NY2d 976). In any event, we find that such charge was not warranted in light of the evidence adduced at trial. Concur—Rosenberger, J. P., Ellerin, Ross and Asch, JJ.