■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM MILTON, Appellant. [612 NYS2d 401] —Judgment of the Supreme Court, New York County (Harold Rothwax, J., at *Sandoval* hearing, trial and sentence), rendered April 24, 1991, convicting defendant, after jury trial, of attempted robbery in the first degree, and sentencing him, as a persistent

violent felony offender, to an indeterminate term of imprisonment of from 12½ years to life, unanimously reversed, on the law, for the reasons stated in *People v Norville* (198 AD2d 103, *lv denied* 83 NY2d 808), and the matter remanded for a new trial.

Defendant Milton was tried together with codefendant Jimmy Norville and therefore equally affected by the court's unbalanced marshalling of the evidence and its erroneous instruction of the jury. Furthermore, the People concede that defendant was not convicted of two previous violent felony offenses so as to warrant the enhanced sentence imposed. In 1982, defendant was convicted of criminal possession of a weapon in the third degree. Defendant was in possession of a gun at his home and was sentenced under Penal Law § 265.02 (1), which does not constitute a violent felony offense (Penal Law § 70.02 [1] [c]).

Defendant's argument that Supreme Court's *Sandoval (People v Sandoval,* 34 NY2d 371) ruling denied him his due process rights by dissuading him from testifying is not persuasive. It is within the court's discretion to make an advance ruling as to the use by the prosecutor of prior convictions for the purpose of impeaching a defendant's credibility *(supra,* at 374; *People v Williams,* 56 NY2d 236, 238-239). That the prosecutor's inquiry, as limited by the court, demonstrated defendant's willingness to put his own self-interest ahead of the interests of society does not render the court's *Sandoval* ruling an abuse of discretion and did not deprive the defendant of his due process rights *(People v Boseman,* 161 AD2d 601, 602, *lv denied* 76 NY2d 853). Concur—Ellerin, J. P., Asch, Rubin, Nardelli and Williams, JJ.