■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HART, Appellant. [618 NYS2d 381] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 18, 1992, convicting him of assault in the second degree and attempted sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion was to suppress identification testimony.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant asserts that the trial court erroneously permitted the complainant to relate certain identification testimony. However, upon our review of the hearing record and according great weight to the determination of the hearing court (see, People v Prochilo, 41 NY2d 759, 761; People v Norris, 122 AD2d 82, 83), we find that the hearing court properly found that the lineup was not unduly suggestive. The evidence supports the finding that the victim's lineup identification of the defendant was not tainted by her earlier viewing of a photograph of the defendant on a television program since that photograph of the defendant was identical to the photograph that the complainant had previously selected from hundreds she viewed at the police station the day following the commission of the crimes.

The defendant's contention that the evidence adduced by the People was legally insufficient to establish his identity as the perpetrator of these crimes is unpreserved for appellate review (see, People v Bynum, 70 NY2d 858; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Lastly, we find that the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.