■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO ESPOSITO, Appellant. [627 NYS2d 739] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered June 30, 1993, convicting him of murder in the second degree, attempted assault in the second degree, arson in the third degree, tampering with physical evidence, aggravated unlicensed operation of a motor vehicle in the second degree, and harassment (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant argues, on several grounds, that the court should have suppressed the various statements he had given to the police following his arrest. However, upon review of the hearing record and according great weight to the determination of the hearing court *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Norris,* 122 AD2d 82, 83), we find that the defendant was advised of his *Miranda* rights *(Miranda v Arizona,* 384 US 436) and that he knowingly and voluntarily waived them. We find no merit to the defendant's contention that his statements should be deemed involuntary due to a purported delay by the police in arraigning him *(see, People v Hopkins,* 58 NY2d 1079; *People v Dairsaw,* 46 NY2d 739, *cert denied* 440 US 985).

Regarding the proof of his guilt of murder in the second degree, the defendant contends that his conduct, albeit reckless, did not evince a depraved indifference to human life. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt. The trial evidence reveals that the defendant and the decedent were involved in a vehicular "cat and mouse" game whereby the defendant pursued the decedent on suburban streets, often at high speeds and with disregard to traffic control devices, and repeatedly rammed his vehicle into the driver's side of the decedent's auto, until following a sharp turn, the decedent struck a tree resulting in his fatal injuries. This conduct satisfies the "depraved indifference" aspect of the second degree murder count *(see, People v Gomez,* 65 NY2d 9, 11-12; *People v Perkins,* 177 AD2d 720, 721-722).

Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.