■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PERDOMO, Appellant. [720 NYS2d 205] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered January 15, 1999, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was prejudiced by the prosecution's delay in producing *Rosario* material (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) is unpreserved for appellate review, as he failed to move for a mistrial or to request any other sanction on this ground (*see, People v Graves,* 85 NY2d 1024, 1027; *People v Rogelio,* 79 NY2d 843, 844). In any event, the defendant failed to demonstrate that he was substantially prejudiced by the delay (*see, People v Martinez,* 71 NY2d 937; *People v Ranghelle,* 69 NY2d 56). The material

was produced before the defendant's counsel cross-examined the prosecution's first witness, and his counsel was granted a recess to review it (*see, People v Bostic,* 258 AD2d 467, 468; *People v Mann,* 216 AD2d 796, 801).

In general, a witness may not testify concerning a previous identification of a defendant from photographs (*see, People v Cioffi,* 1 NY2d 70, 73; *People v Green,* 143 AD2d 768, 770; *People v Grate,* 122 AD2d 853, 854). However, such testimony is permitted when the defendant opens the door to this line of inquiry (*see, People v Bolden,* 58 NY2d 741; *People v Grate, supra*). The defendant's counsel asked the complainant if she was shown a single photograph of the defendant just before she viewed the lineup, thereby permitting the prosecutor to demonstrate the fairness of the identification procedure (*see, People v Almonte,* 135 AD2d 824; *People v Grate, supra*). Contrary to the defendant's contention, the subsequent testimony of a detective was not improper bolstering, as he did not confirm the complainant's identification of the defendant (*see, People v Middleton,* 128 AD2d 554; *People v Lopez,* 123 AD2d 360; *cf., People v Grate, supra*).

The defendant's remaining contention is without merit. Ritter, J. P., Krausman, McGinity and Smith, JJ., concur.