■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AURELLO BARNES, Also Known as ESCALANTE BARNES, Appellant. [734 NYS2d 893] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (McDonald, J.), rendered January 7, 2000, convicting him of murder in the second degree and robbery in the first degree (two counts) under Indictment No. 4183/96, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court,

also rendered January 7, 2000, revoking a sentence of probation previously imposed by the same court (Giaccio, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of grand larceny in the third degree under Indictment No. 1001/96. The appeal from the judgment under Indictment No. 4183/96 brings up for review the denial, after a hearing (Rotker, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contention, the hearing court properly determined that the defendant's lineup procedure was not unduly suggestive. The unrebutted testimony of the Assistant District Attorney established that the lineup procedure was not impermissibly suggestive. Furthermore, the hearing testimony established that the defendant's trial counsel was present at the defendant's court-ordered lineup, and did not object to the lineup's composition or to how it was conducted (*see, People v Eldridge,* 213 AD2d 667; *People v Green,* 143 AD2d 768). Considering, as we must, the totality of the circumstances surrounding the defendant's lineup procedure, there was no showing that the defendant's lineup was impermissibly suggestive (*see, People v Green, supra,* at 769; *cf., People v Ortiz,* 90 NY2d 533, 537).

The defendant's remaining contentions are without merit. Altman, J. P., S. Miller, Crane and Prudenti, JJ., concur.